THE STATE EX REL. ACKERMAN, APPELLANT, *v.* STATE
TEACHERS RETIREMENT BOARD, APPELLEE.

[Cite as *State ex rel. Ackerman v. State Teachers Retirement Bd.*, 117 Ohio St.3d 268, 2008-Ohio-863.]

(No. 2007–1495—Submitted January 8, 2008—Decided March 6, 2008.)

## Per Curiam.

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel appellee, State Teachers Retirement Board of Ohio, to reinstate the disability-retirement benefits of appellant, Edward Joseph Ackerman, and to pay those benefits from the date that the retirement board terminated them. Because the retirement board did not abuse its discretion in terminating Ackerman's disability-retirement benefits, we affirm the judgment of the court of appeals.

{¶ 2} The Warren City Schools in Trumbull County, Ohio, employed Ackerman as a special-education teacher for over 18 years. Ackerman stopped teaching in February 1989, and he filed an application for disability-retirement benefits the next month with the State Teachers Retirement System of Ohio. In his application, Ackerman described his claimed disability as follows:

{¶ 3} "An infection of the inner eyelids that causes a film over the eyes making it impossible to focus on reading material. Prolonged attempts to focus the eyes results in severe headaches. Antibiotics have totally lost their ability to control this condition. During the 1987–88 school year I took a one year leave without pay in order to correct this condition but treatment to date has been ineffective."

{¶ 4} Robert T. Brodell, M.D., Ackerman's treating physician, diagnosed "Staph aureus blepharitis and carrier state with resist[a]nce to multiple antibiotics."[1] Ackerman was later examined by several physicians, who concurred in his attending physician's diagnosis of blepharitis. The medical review board of the retirement system recommended that the retirement board deny Ackerman's

---

1. Staph blepharitis is an inflammation of the eyelids caused by bacteria.

application for disability-retirement benefits based on the review board's conclusion that Ackerman was not permanently incapacitated for the performance of his duties as a teacher. The review board concluded that additional therapy should be allowed and that he be reevaluated in six months. One of the doctors had suggested that corrective eyelid surgery would help correct Ackerman's problems.

{¶ 5} Ackerman then sent a memorandum to the retirement system in which he argued that under Ohio Adm.Code 3307–1–15, the retirement board could not delay disability retirement in order for a claimant to receive surgery. Shortly thereafter, in March 1990, the retirement board approved Ackerman's application for disability-retirement benefits. Until 2005, the chair of the medical review board certified Ackerman's disability as ongoing. In May 2005, the retirement system requested that Ackerman provide an update on his medical condition and notified him that a reexamination by an independent medical examiner might be required.

{¶ 6} On October 28, 2005, at the request of the retirement board, Dr. Harvey Lester, an ophthalmologist, examined Ackerman. In a January 2006 report, Dr. Lester certified that Ackerman, because of his disability, "is not capable of resuming regular full-time service similar to that from which he * * * retired and that disability benefits should be continued." Responding to a board questionnaire, Dr. Lester noted that he presumed Ackerman's disability to be permanent.

{¶ 7} Nevertheless, Dr. Lester specified that although he did not consider Ackerman to be totally and permanently disabled based on his medical examination, he felt that it was not reasonable to expect Ackerman to return to his teaching duties after being on disability retirement for so long:

{¶ 8} "Mr. Ackerman was examined on October 28, 2005. At the time of examination, Mr. Ackerman stated that he does not wear glasses. His eyes are dry and irritated. He has tried numerous medications for dryness with limited improvement. His eyelids are somewhat inflamed and he uses lid scrubs and frequent topical antibiotics for chronic blepharitis. He has recently been diagnosed with diabetes mellitus which is well controlled on oral medications.

{¶ 9} "The eyes were minimally inflamed though[ ] somewhat dry at the time of examination. Schirmer test with anesthetic was 15 mm. in both eyes. The corneas and anterior segments were clear and pupils reacted well directly and consensually. Best corrected vision was 20/50 in the right eye and 20/40 in the left eye. The refraction was + 1.00-1.00 × 83 in the right eye and + 1.25-1.50 × 90 in the left eye. Cup disc ratios were within normal limits, intraocular pressure was 20 mm and fundus examination with 2.5% neosynephrine was within normal limits. Confrontation field was full.

{¶ 10} "Certainly on the basis of this examination I would not consider Mr. Ackerman to be totally and permanently disabled. I am in no position to question the wisdom of the board in finding for the original disability some seventeen years ago. It is simply not reasonable to expect Mr. Ackerman to return to his original teaching duties after some seventeen years of total disability. I feel his disability compensation should be continued."

{¶ 11} Thereafter, the members of the medical review board reviewed the case to determine whether Ackerman was capable of returning to teaching. Dr. Edwin H. Season noted that Dr. Lester "diagnosed no significant ophthalmologic condition and felt Mr. Ackerman was not totally and permanently disabled." Dr. Season recommended termination of disability-retirement benefits based on Dr. Lester's report and the previous medical information. Dr. Barry Friedman concluded that Ackerman "is not disabled for the performance of his previous duties" after noting that Dr. Lester had concluded that he would not consider Ackerman to be totally and permanently disabled based on his examination. Dr. Charles Wooley also concluded that Ackerman "is not permanently incapacitated and is capable of returning to contributing service." Dr. Earl N. Metz, the chair of the medical review board, then advised the retirement board that the medical review board "concurs with the opinion of the appointed examiner and recommends that disability benefits be terminated." In May 2006, the retirement board approved the medical review board's recommendation and terminated Ackerman's disability-retirement benefits effective August 31, 2006. Ackerman appealed the retirement board's decision pursuant to Ohio Adm.Code 3307:1–7–05.

{¶ 12} In June 2006, the medical review board requested that Dr. Lester clarify his previous conclusion "as to whether the medical findings indicate [that Ackerman] is physically capable of performing the duties of his teaching position." Dr. Lester again certified that Ackerman's disability-retirement benefits should be continued, but he again failed to specify any objective medical findings to support that opinion.

{¶ 13} In August 2006, the medical review board ordered that Ackerman be examined by Dr. Steven Katz, an ophthalmologist, in connection with Ackerman's appeal of the retirement board's termination of his disability-retirement benefits. Ackerman refused to submit to the additional examination. In October 2006, the retirement board unanimously upheld its previous decision to terminate Ackerman's disability-retirement benefits.

{¶ 14} Shortly thereafter, Ackerman filed an action in the Court of Appeals for Franklin County for a writ of mandamus to compel the retirement board to reinstate his disability-retirement benefits from the termination of his employ-

ment and to continue payment of these benefits in the future. After the parties filed evidence and briefs, the court of appeals denied the writ.

{¶ 15} This cause is now before the court upon Ackerman's appeal as of right.

## Mandamus

{¶ 16} Ackerman asserts that the court of appeals erred in denying the requested writ of mandamus to compel the retirement board to reinstate his disability-retirement benefits. Because there is no right to appeal from the retirement board's final decision under R.C. 3307.64 terminating disability-retirement benefits, mandamus is available to correct an abuse of discretion by the board in its determination. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14, and cases cited therein ("The determination by [the State Teachers Retirement System] and its retirement board [the State Teachers Retirement Board] of whether a person is entitled to disability retirement benefits is reviewable by mandamus because R.C. 3307.62 does not provide any appeal from the administrative determination"). "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13.

{¶ 17} Ackerman contends that the retirement board abused its discretion by terminating his disability-retirement benefits because it violated R.C. 3307.64 by convening a panel of the medical review board after Dr. Lester found that Ackerman was incapacitated, because it attempted to persuade Dr. Lester to reconsider his opinion after the retirement board had initially decided to terminate Ackerman's disability-retirement benefits, and because it ordered Ackerman to be reexamined after its termination of his disability-retirement benefits.

{¶ 18} R.C. 3307.64 authorizes the termination of a recipient's disability-retirement benefits following a medical examination:

{¶ 19} "After the examination, the examiner shall report and certify to the board whether the disability benefit recipient is no longer physically and mentally incapable of resuming the service from which the recipient was found disabled. *If the board concurs in a report by the examining physician that the disability benefit recipient is no longer incapable, the payment of a disability benefit shall be terminated* not later than the following thirty-first day of August or upon employment as a teacher prior thereto." (Emphasis added.)

{¶ 20} Under Ohio Adm.Code 3307:1–7–02(A)(4), if the chair of the medical review board "concurs in the conclusions of the independent medical examiners that an applicant is not incapacitated from the performance of regular duties," the chair shall "convene a panel of three other members of the medical review board who shall review the reports of the independent medical examiners."

{¶ 21} Ackerman asserts that because Dr. Lester, the examining physician, twice certified that Ackerman was incapable of resuming his teaching duties and that his disability-retirement benefits should be continued, the retirement board lacked authority to convene a panel of the medical review board and terminate his benefits.

{¶ 22} Ackerman fails to recognize that "the determination of whether a retirement-system member is entitled to the continued receipt of disability-retirement benefits is * * * within the exclusive authority of the retirement board." *State ex rel. Hulls v. State Teachers Retirement Bd. of Ohio*, 113 Ohio St.3d 438, 2007-Ohio-2337, 866 N.E.2d 483, ¶ 26. " 'A disability benefit may be terminated at the recipient's request or when the retirement board determines, based on a medical examination, that the recipient is capable of resuming service similar to that from which he was found disabled.' " Id., quoting Hastings, Manoloff, Sheeran & Stype, Baldwin's Ohio School Law (2007), Section 11:30.

{¶ 23} Nothing in R.C. 3307.64 or Ohio Adm.Code 3307:1–7–02(A)(4) prohibits the retirement board from convening a panel of the medical review board to review the report of an examining physician when the physician's report indicates that the objective medical findings do not support a continuation of the disability-retirement benefits. The plain language of the statute and rule requires the retirement board to terminate benefits and to convene a panel of the medical review board under certain circumstances, but does not preclude the board from making a determination or ordering a review by the medical review board based on the pertinent medical evidence. Cf. *Hulls,* 113 Ohio St.3d 438, 2007-Ohio-2337, 866 N.E.2d 483, ¶ 33 ("The plain language of R.C. 3307.64 *requires* the retirement board to order any disability-benefit recipient to submit to an annual medical examination by a board-selected physician, unless the board waives the exam upon a physician's determination that the disability is ongoing, but *does not preclude* the board from requiring further examinations when appropriate" [emphasis sic] ).

{¶ 24} Dr. Lester's report did not find any objective medical evidence to support disability. Instead, Dr. Lester's ophthalmologic examination of Ackerman revealed no incapacitating medical disability. Dr. Lester nevertheless concluded that he could not question the retirement board's 1990 decision to grant disability-retirement benefits and that it was not reasonable to expect Ackerman to return to work after being on disability retirement since that time. Under these circumstances, the retirement board could have reasonably concluded that Dr. Lester's report—or at least its objective medical findings—supported a conclusion that Ackerman was physically and mentally capable of resuming his teaching duties. Therefore, under Ohio Adm.Code 3307:1–7–02(A)(4), the chair of the medical review board was authorized to convene a panel of the board to

review Dr. Lester's report, and under R.C. 3307.64, the retirement board was entitled to terminate Ackerman's disability-retirement benefits.

{¶ 25} As the court of appeals reasoned in denying the writ:

{¶ 26} "Dr. Lester's report did conclude that [Ackerman] should continue to receive disability compensation. However, * * * the conclusion appears to have been based not on the medical factors present, but instead on the passage of time since the initial disability determination. Given this uncertainty, [the retirement board] was well within its discretion to have [Ackerman's] case reviewed by its medical review board to consider whether the medical evidence established that [Ackerman] continued to be incapacitated from the performance of his teaching duties."

{¶ 27} Notwithstanding Ackerman's argument to the contrary, the retirement board is not *rewriting the medical evidence* " 'so that it says something that is not stated or implied,' " quoting *State ex rel. Bruce v. State Teachers Retirement Bd. of Ohio,* 153 Ohio App.3d 589, 2003-Ohio-4181, 795 N.E.2d 110, ¶ 107. Instead, the retirement board is giving effect to Dr. Lester's medical findings that his examination revealed no incapacitating disability.

{¶ 28} The retirement board did not abuse its discretion in requesting that Dr. Lester clarify his previous opinion. As noted, Dr. Lester's report was internally inconsistent because he found no objective medical evidence of any disability that would prevent Ackerman from resuming his teaching duties but concluded based on nonmedical factors that Ackerman should continue to receive disability-retirement benefits. Nothing in any statute or rule precluded the retirement board from requesting clarification under these circumstances.

{¶ 29} Finally, the retirement board did not abuse its discretion in ordering Ackerman to submit to another examination in connection with his appeal of the board's initial decision to terminate his benefits. R.C. 3307.64 permits multiple examinations to determine continued entitlement to disability-retirement benefits. *Hulls,* 113 Ohio St.3d 438, 2007-Ohio-2337, 866 N.E.2d 483, ¶ 33. Given the lack of medical evidence to support Ackerman's claim of continued disability, the board reasonably concluded that another examination would be appropriate. Ackerman's refusal to submit to the examination by itself supported at least a suspension of his benefits. See R.C. 3307.64 ("If a disability benefit recipient refuses to submit to a medical examination, the recipient's disability benefit shall be suspended until the recipient withdraws the refusal. If the refusal continues for one year, all the recipient's rights under and to the disability benefit shall be terminated as of the effective date of the original suspension").

## Conclusion

{¶ 30} Based on the foregoing, the retirement board did not act unreasonably, arbitrarily, or unconscionably in terminating Ackerman's disability-retirement

benefits. Therefore, because Ackerman failed to establish that the retirement board abused its discretion in terminating his benefits, the requested writ of mandamus was properly denied. Accordingly, we affirm the judgment of the court of appeals. See, e.g., *State ex rel. Ruby v. State Teachers Retirement Sys. of Ohio* (Dec. 6, 1989), Summit App. No. 13844, 1989 WL 147983, *2 (court cannot substitute its judgment for that of the retirement board when there is conflicting evidence concerning entitlement to disability-retirement benefits).

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

DelBene, LaPolla & Thomas and Daniel P. Thomas, for appellant.

Marc Dann, Attorney General, and John E. Patterson, Assistant Attorney General, for appellee.