OPINION
{¶ 1} Relator-appellant, Karen Mullenax ("appellant"), appeals the Franklin County Court of Common Pleas decision, which denied appellant's request for a writ of mandamus ordering respondent-appellee, State Teachers Retirement System Board of Ohio ("appellee"), to reinstate appellant's disability retirement benefits.
 {¶ 2} In September 1991, appellant, a teacher, applied for benefits. Appellant's physician, Dr. Dan Olson, diagnosed her with chronic fatigue syndrome and certified *Page 2 
that she was disabled from teaching. At appellee's request, psychiatrist Dr. Daniel Tetirick examined appellant in October 1991, and the psychiatrist certified that, "on a psychiatric basis," appellant was not disabled from teaching. (Record of Proceedings, 9.) However, the psychiatrist acknowledged that appellant was suffering from chronic fatigue syndrome, an illness that the psychiatrist described as physically debilitating. Dr. Rodney Kusumi also examined appellant in October 1991 at appellee's request. The examination revealed no abnormalities except for obesity, and Dr. Kusumi stated that there was "no infectious reason for [appellant] to have any disability." (Record of Proceedings, 15.) Dr. Kusumi certified that appellant was not disabled from teaching. Thereafter, appellee's medical review board examined the medical documents and recommended that appellee not grant appellant benefits. Nonetheless, appellee rejected the medical review board's recommendation and granted appellant benefits.
 {¶ 3} In February 1993, appellee asked Dr. Olson to report on appellant's condition. The doctor stated that appellant continues to suffer from chronic fatigue syndrome, and the doctor concluded that appellant was still disabled from teaching. In July 1993, Dr. Kusumi re-examined appellant at appellee's request. Again, the examination revealed no abnormalities except for obesity, and the doctor certified that appellant was not disabled from teaching. In addition, in July 1993, psychiatrist Dr. Daniel Martin examined appellant at appellee's request. Dr. Martin determined that appellant's illness was not "primarily psychiatric," but stated that, "[d]ue to the fact that she had not improved since the previous evaluations, there did not seem to be any basis for changing her disability status." (Record of Proceedings, 52.) Thus, Dr. Martin *Page 3 
certified that appellant was disabled from teaching. Thereafter, appellee decided to continue appellant's benefits.
 {¶ 4} In 2005, appellee again asked Dr. Olson to report on appellant's condition, and the doctor indicated that appellant still suffered from chronic fatigue syndrome and that she is still disabled from teaching. At appellee's request, psychiatrist Dr. Joel Steinberg examined appellant in August 2005. Dr. Steinberg acknowledged that appellant had not taught in 14 years and that appellant's "reported disabling fatigue problems remain the fundamental issue." (Record of Proceedings, 69.) Dr. Steinberg then adopted Dr. Martin's July 1993 reasoning that there is no basis for changing appellant's disability status. Thus, Dr. Steinberg certified that appellant is disabled from teaching. However, Dr. Steinberg emphasized that his determination is not based on any psychiatric condition.
 {¶ 5} In October 2005, Dr. Karen Mease examined appellant at appellee's request. Dr. Mease acknowledged appellant's chronic fatigue syndrome diagnosis. However, Dr. Mease noted that "[c]urrent findings reveal obesity only" and that appellant's "[s]ymptoms are out of proportion to objective findings." (Record of Proceedings, 75.) Specifically, the doctor recognized that appellant had not been hospitalized since her retirement, and the doctor noted that appellant exercises regularly and has a "relatively" normal "sleep pattern." (Record of Proceedings, 75.) In addition, Dr. Mease stated that appellant is successfully treating the headaches she had been getting. Dr. Mease certified that appellant is not disabled from teaching.
 {¶ 6} Thereafter, appellee's medical review board recommended that appellee terminate appellant's benefits. In particular, medical review board member Dr. Edwin *Page 4 
Season indicated that, "[b]ased on the recent evaluations," appellant is not disabled from teaching. (Record of Proceedings, 79.) Medical review board member Dr. Evelyn Pintz concurred with (1) "psychiatric evaluations" that appellant "has no psychiatric disability," and (2) "Dr. Mease's evaluation that there is no disabling medical condition." (Record of Proceedings, 81.) Medical review board member Dr. Jeffery Hutzler stated that the medical documents "make it clear that [appellant] does not have a psychiatric disability and is not physically disabled." (Record of Proceedings, 83.)
 {¶ 7} In response to the medical review board's recommendation, appellant wrote a letter to appellee stating that she cannot return to work because she continues to experience the symptoms that she originally reported in 1991. She also countered Dr. Mease's findings by stating that (1) there had been times that she did not maintain a regular exercise schedule and when she does exercise, she is unable to do much for the rest of the day, (2) her fatigue is "not alleviated by `normal' amounts of rest," and (3) her prescription medication only controls the intensity of her headaches, but does not eliminate them. (Record of Proceedings, 85.) Nevertheless, appellee accepted the medical review board's recommendation and terminated appellant's benefits.
 {¶ 8} Next, appellant instituted an administrative appeal and submitted a Center for Disease Control press briefing transcript that recognized chronic fatigue syndrome as a legitimate impairing illness. Appellant also submitted a letter from Dr. Olson stating that chronic fatigue syndrome patients "are felt to be malingerers and often dismissed by many physicians in the medical community because there is no objective finding in these patients." (Record of Proceedings, 113.) Similarly, appellant presented a medical essay from Dr. Richard Podell, a New Jersey doctor with an interest in chronic fatigue *Page 5 
syndrome. In the essay, the doctor asserted that, generally, "evaluators should not expect (or require) that the presence or absence of any specific `objective' finding reliably distinguish between a disabled and a non-disabled person" with chronic fatigue syndrome. (Record of Proceedings, 124.) Conversely, after appellant instituted the appeal, medical review board chair Dr. Earl Metz wrote a July 18, 2006 memorandum ("memorandum") to appellee stating:
 * * * The more immediate question is whether or not * * * chronic fatigue syndrome should be considered a disabling syndrome and whether or not granting disability benefits to such persons is appropriate. At least for now, it is our opinion that continued physical and intellectual activity is more therapeutic than inertia.
(Record of Proceedings, 146.)
 {¶ 9} Ultimately, one of appellee's members moved to affirm the decision to terminate appellant's benefits based on a "careful review of the entire record" and, specifically, the "medical evaluations" of appellant. Appellee's other members present for voting unanimously agreed.
 {¶ 10} Appellant filed an original action in the trial court and sought a writ of mandamus ordering appellee to reinstate her benefits. The trial court denied appellant's request for relief.
 {¶ 11} Appellant appeals, raising one assignment of error:
 DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FINDING THAT APPELLEE DID NOT ABUSE ITS DISCRETION WHEN DECIDING TO TERMINATE APPELLANT'S DISABILITY BENEFITS, AND IN DENYING APPELLANT'S WRIT OF MANDAMUS AND IN AFFIRMING THE DECISION OF APPELLEE[?] *Page 6 
 {¶ 12} In her single assignment of error, appellant contends that the trial court erred in denying the requested writ of mandamus ordering appellee to reinstate her benefits. We disagree.
 {¶ 13} Appellee manages the teacher retirement system and determines benefits eligibility. See State ex rel. Hulls v. State TeachersRetirement Bd. of Ohio, 113 Ohio St.3d 438, 2007-Ohio-2337, ¶ 25-26; R.C. 3307.62(F). Mandamus is available to correct an abuse of its discretion in determining benefits eligibility. State ex rel. Ackermanv. State Teachers Retirement Bd., 117 Ohio St.3d 268, 2008-Ohio-863, ¶ 16. The term "abuse of discretion" means an unreasonable, arbitrary or unconscionable decision. Id. A biased decision also constitutes an abuse of discretion. State ex rel. Thomas v. Pub. Emp. Retirement Sys. ofOhio, Franklin App. No. 03AP-137, 2004-Ohio-1403, ¶ 9.
 {¶ 14} Here, appellant first argues that appellee abused its discretion by terminating her benefits based on a bias against chronic fatigue syndrome after previously recognizing the syndrome as disabling. Appellant contends that Dr. Metz's critical opinion on chronic fatigue syndrome proves appellee's bias.
 {¶ 15} Dr. Metz's reference to "our opinion" in his memorandum suggests that he spoke for others. Dr. Metz may have intended to speak on behalf of the medical review board as its chairman. However, the record does not demonstrate that the other medical review board members embraced Dr. Metz's opinion on chronic fatigue syndrome. For example, when they recommended that appellee terminate appellant's benefits, medical review board members Drs. Season, Pintz, and Hutzler did not convey the opinion on chronic fatigue syndrome that Dr. Metz ultimately asserted in his memorandum. *Page 7 
 {¶ 16} More importantly, Dr. Metz did not indicate in his memorandum that he spoke on behalf of appellee, the entity that determines benefits eligibility. Nowhere in the record did appellee state that it embraced Dr. Metz's opinion on chronic fatigue syndrome. For example, after Dr. Metz issued his memorandum, appellee affirmed its decision to deny appellant's benefits in the administrative appeal. In doing so, appellee noted a "careful review of the entire record" and, specifically, the "medical evaluations" of appellant. Thus, the record does not establish that Dr. Metz's memorandum represents appellee's reasons for terminating appellant's benefits, and we reject appellant's argument that appellee terminated her benefits due to a bias against chronic fatigue syndrome. Accordingly, we decline to address issues implicated from the rejected argument, i.e., whether it would be an abuse of discretion for appellee to terminate benefits in accord with Dr. Metz's opinion that chronic fatigue syndrome is not a disabling illness. See State v. Bistricky
(1990), 66 Ohio App.3d 395, 397 (holding that an appellate court decides only actual controversies and cannot give advisory opinions).
 {¶ 17} Next, appellant argues that appellee abused its discretion by disregarding evidence that indicated her condition had not changed since appellee first granted benefits. R.C. 3307.64 authorizes appellee to terminate a recipient's benefits following a medical examination if the examiner certifies that the recipient "is no longer physically and mentally incapable of resuming the service from which the recipient was found disabled." Here, Dr. Mease certified that appellant is able to return to teaching. Dr. Mease recognized appellant's chronic fatigue syndrome diagnosis, but concluded that her objective findings from the physical examination reveal that appellant is capable of *Page 8 
returning to teaching. Dr. Mease did not believe that appellant's subjective symptoms prevented appellant from teaching.
 {¶ 18} To be sure, the record contains evidence that conflicts with Dr. Mease's conclusions. In particular, Drs. Steinberg and Olson asserted that appellant was not able to return to teaching. In addition, appellant presented documents indicating that there are no objective findings that will reliably distinguish between a disabled and non-disabled person with chronic fatigue syndrome. Appellant wrote a letter that disputed Dr. Mease's findings. However, where the medical evidence conflicts in a matter concerning a benefits determination, we cannot substitute our judgment for that of appellee absent an abuse of discretion. See Thomas at ¶ 9.
 {¶ 19} Here, Dr. Mease provided reasoned support for her conclusion that appellant is not disabled from teaching, and Drs. Season, Pintz, and Hutzler of the medical review board concurred with Dr. Mease. In this regard, pursuant to R.C. 3307.64, we hold that appellee did not abuse its discretion in terminating appellant's benefits. Absent an abuse of discretion, we cannot substitute our judgment for that of appellee and determine whether appellee should have instead agreed with the conflicting evidence. See Thomas at ¶ 9.
 {¶ 20} Because appellee did not abuse its discretion in terminating appellant's benefits, we conclude that the trial court did not err by denying appellant's mandamus request. Accordingly, we overrule appellant's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1