[Cite as *State ex rel. Riddell v. State Teachers Retirement Bd.*, 2014-Ohio-1646.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Linda G. Riddell, | : | |
| Relator-Appellant, | : | |
| | : | No. 13AP-660 |
| v. | : | (C.P.C. No. 10CV-12612) |
| State Teachers Retirement Board, | : | (REGULAR CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on April 17, 2014

*Kalniz, Iorio & Feldstein Co., L.P.A., Christine A. Reardon* and *Edward J. Stechschulte*, for appellant.

*Michael DeWine*, Attorney General, and *Lydia M. Arko*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Relator-appellant, Linda G. Riddell, appeals from a judgment of the Franklin County Court of Common Pleas denying a writ of mandamus to compel respondent-appellee, State Teachers Retirement Board ("STRB"), to vacate its order terminating her disability-retirement benefits, and to issue a new order finding that she continues to be entitled to receive said benefits. Because STRB did not abuse its discretion in terminating the disability-retirement benefits, we affirm the judgment of the trial court.

## I. BACKGROUND

### A. *Initial Disability-Retirement Determination*

{¶ 2}   Appellant was a third grade teacher with Eastwood Local Schools in Wood County, Ohio.   She last taught in November 2001.   Appellant filed an application for disability-retirement benefits with the State Teachers Retirement System of Ohio ("STRS") in January 2002, in which she described the nature of her disability as "[s]evere intractable migraines with and without aura."   (R. 33, Certified Evidence, 14.)   The superintendent of appellant's school district indicated to STRS that, due to appellant's medical condition, she had not been able to maintain consistent attendance.   Her large number of absences over several years did not allow her to properly perform her duties as a classroom teacher.

{¶ 3}   In support of her application, appellant's treating doctors, Alvin E. Lake, III, Ph.D., a psychologist, and James R. Weintraub, D.O., a neurologist, provided a report. Both doctors worked at the Michigan Head-Pain and Neurological Institute ("MHNI"), where appellant had been a patient since 1993.  They stated in part:

> [W]e cannot in good conscience state that [appellant] is "disabled" when she has been capable of performing at a very high level on most school days when she has been present.  At the same time, it is grossly unfair that this patient might be at risk of losing her job for a medical reason, or be denied benefits, particularly when she has demonstrated (based on her performance evaluations) an ability to perform at such a high level.

(R. 33, at 21.)   After conversing with STRS about the requirements for disability, Dr. Lake indicated appellant did have a current disability, presumably permanent in character, with significant recovery not anticipated within 12 months.

{¶ 4}   In March 2002, Albert L. Berarducci, Jr., M.D., a neurologist, examined appellant at STRB's request.   Dr. Berarducci did not certify disability.   Instead, he recommended a short-term period of leave from teaching for appellant to work on her overall fitness and difficulties sleeping.   He believed, if appellant made significant improvements in those areas, her headaches would improve enough to allow her to return to a more normal work schedule.   Dr. Berarducci noted that appellant's pain syndrome could not "be objectified in any physical way."   (R. 33, at 27.)   Based on Dr. Berarducci's

recommendation, the medical review board ("MRB") for STRB advised a period of medical treatment for six months prior to the determination of disability.

{¶ 5}   During that period, Drs. Lake and Weintraub reported that treatment for appellant's sleep apnea did not positively affected her headaches.  In August 2002, Dr. Berarducci observed that therapy did not lead to a short-term resolution to the problem, i.e., that appellant's chronic daily headache syndrome caused her to miss more work than was acceptable by her employer.  Dr. Berarducci commented, "I remain convinced that [appellant] has no <u>objective</u> neurological abnormality or 'disability' that would prevent her from discharging her responsibilities as a teacher." (Emphasis sic.) (R. 33, at 44.) Nevertheless, Dr. Berarducci recommended that appellant's application for disability-retirement benefits be approved.

{¶ 6}   The matter was considered at a special conference of MRB, and a three-member panel unanimously opined that appellant was not permanently incapacitated for the performance of her job and disability-retirement benefits should be denied.  That recommendation was communicated to STRB.  Before STRB made its decision, additional information was submitted by Drs. Lake, Weintraub, and Berarducci.  Dr. Berarducci recommended that appellant be "evaluated by a psychiatrist familiar with the complex physical and psychobehavioral interrelationships inherent in pain control problems" in order to elicit why appellant misses work due to her chronic daily headache syndrome whereas others with the same diagnosis may not.  (R. 33, at 61.)

{¶ 7}   The matter was once again considered by MRB, and appellant was referred to Marjorie C. Gallagher, M.D., a psychiatrist, for an evaluation.  Dr. Gallagher examined appellant in February 2003 and found she had significant symptoms of depression and anxiety.  Dr. Gallagher rendered her opinion that appellant was currently disabled and incapacitated from teaching.  She recommended that appellant be retired, that intense psychotherapy at least once a week be a condition of her disability-retirement, and that her case be reevaluated in one year.  Thereafter, MRB recommended approval of appellant's application for disability-retirement benefits only on the condition that she secure psychiatric treatment.  Appellant was granted disability-retirement benefits, and she began treatment with psychiatrist Joseph M. Meadows, M.D.

**B.** *First Reevaluation Period*

{¶ 8}   In March 2005, STRB asked Dr. Gallagher to reexamine appellant in order to determine whether retirement-disability benefits should continue.   Following the examination, Dr. Gallagher reported appellant showed marked improvement in her psychiatric symptoms since she was last evaluated.   There was no evidence of incapacitating anxiety or depression.   Dr. Gallagher opined that appellant was no longer disabled and was capable of returning to work.   Thereafter, Drs. Lake and Weintraub submitted a report refuting appellant's ability to return to work based on her chronic daily headaches.   Dr. Gallagher considered that report and did not see fit to change her opinion. The matter was considered by MRB, and a three-member panel unanimously recommended that appellant's disability-retirement benefits be terminated.   That recommendation was communicated to STRB in September 2005.

{¶ 9}   Appellant subsequently submitted letters from friends and family describing her headache symptoms and how they affected her life.  Drs. Lake, Weintraub, and Meadows submitted letters on appellant's behalf as well.  Dr. Gallagher reviewed the additional information and again did not change her opinion.  Dr. Gallagher maintained that appellant was no longer disabled and was able to teach.  In January 2006, appellant was hospitalized due to her head pain, which prompted more reports from Drs. Lake and Weintraub.

{¶ 10}  In April 2006, the matter was considered by STRS's disability committee.  A majority of that committee voted to sustain MRB's recommendation to terminate appellant's disability-retirement benefits.   However, STRB determined that appellant qualified for a continuation of her disability-retirement benefits.

**C.** *Second Reevaluation Period and Termination*

{¶ 11}  In March 2009, STRB asked Dr. Berarducci to reexamine appellant in order to determine whether retirement-disability benefits should continue.   Dr. Berarducci reviewed medical records spanning back to 2002 and examined appellant.  He produced a report in July 2009 initially pointing out that "headache is a real, organic condition that can not be measured in any objective way." (R. 33, at 154.)  He maintained that there was "no objective, purely neurological basis for [appellant] to be considered permanently disabled."  (R. 33, at 154.)   However, he observed that appellant "has proven over the

years that she cannot co-exist with this headache and attend work as an elementary school teacher at a rate of participation satisfactory to her former school board." (R. 33, at 154.) Using a form provided by STRS, Dr. Berarducci certified his opinion that appellant was not capable of resuming work similar to that from which she retired, and disability benefits should continue. He recommended a reevaluation in one year.

{¶ 12} Thereafter, additional documentation regarding appellant's condition was provided to STRS by Drs. Lake, Weintraub, and other personnel at MHNI. Information was also forwarded from Chelsea Community Hospital, the University of Toledo Medical Center, and St. Luke's Hospital. Those records were provided to Dr. Berarducci, which prompted him to issue a letter to MRB in October 2009. Dr. Berarducci stated:

> [T]he current submission of information does not prompt me to change my original conclusion that even though [appellant] is unable to meet minimum attendance requirements and goals set out for her by her school board (and thus is unemployable by them) she can not be considered totally and permanently disabled by any objective or measurable neurological pathology.

(R. 33, at 235.) Dr. Berarducci concluded his letter with the following recommendation: "[Appellant] should not be considered for disability retirement. Instead, the approach taken by the committee over the past 7 years should be continued." (R. 33, at 235.)

{¶ 13} The matter was considered at a special conference of MRB. Appellant appeared at the meeting and spoke with the panel. Following the interview and deliberation, the three-member panel rendered the unanimous opinion that appellant's disability-retirement benefits should be terminated. That recommendation was communicated to STRB. In December 2009, STRB terminated appellant's disability-retirement benefits.

### D. *Administrative Appeal and Writ Action*

{¶ 14} Appellant commenced an appeal. In support, Drs. Lake and Weintraub submitted a letter with several medical articles pertaining to headaches attached. Appellant's father also submitted a letter. STRS asked Dr. Berarducci to review the addition information. In response, Dr. Berarducci wrote a letter in April 2010 reiterating "I * * * do not believe that [appellant] should be considered permanently disabled."

(R. 33, at 316.) He explained, "[s]he is <u>unable</u> to perform, not physically <u>disabled</u> from doing so. * * * She is not disabled from performing at a high level as a teacher; she is merely unable to do so in high enough days per-month quantity to be favorably reviewed by her former school system." (Emphasis sic.) (R. 33, at 317.) Dr. Berarducci indicated he had not changed his opinion after reviewing the materials submitted on appeal. He stated, "[appellant] is not physically or neurologically disabled from teaching. She should not be permanently retired." (R. 33, at 317.) Using a form provided by STRS, Dr. Berarducci certified his opinion that appellant was capable of resuming work similar to that from which she retired, and disability-retirement benefits should not continue. On another STRS form, which asked about general limitations of employment, Dr. Berarducci indicated a flexible work schedule and hours, and no physical exertion.

{¶ 15} In May 2010, the chairman of MRB summarized the events of the second reevaluation period and appellant's appeal, including Dr. Berarducci's assessments, in a memorandum to STRB. MRB continued to recommend termination of appellant's disability-retirement benefits. Appellant's appeal was denied.

{¶ 16} In August 2010, appellant filed a petition in the trial court for a writ of mandamus to compel STRB to vacate its order terminating her disability-retirement benefits, and to issue a new order finding her entitled to continue to receive said benefits. Appellant claimed STRB abused its discretion by terminating her disability-retirement benefits. In a July 2013 decision and entry, the trial court denied the writ and appellant timely appealed to this court.

## II. ASSIGNMENT OF ERROR

{¶ 17} Appellant presents the following assignment of error for our review:

> The trial court erred in overruling Relator-Appellant Linda Riddell's motion for summary judgment in finding that the State Teachers Retirement Board did not abuse its discretion in terminating Relator-Appellant's disability retirement benefits.

## III. STANDARD OF REVIEW

{¶ 18} Preliminarily, we note that the trial court considered what appellant refers to in her assignment of error as a "motion for summary judgment" to be appellant's brief in support of her petition for a writ of mandamus. Appellant conceded before the trial

court that the filing was a brief. (*See* R. 40.) We, therefore, consider it as such. This is notable because appellant urges us to review the trial court's judgment de novo as if it was a ruling on a motion for summary judgment. We reject that contention. De novo is not the proper standard of review.

{¶ 19} "The determination of whether a retirement-system member is entitled to the continued receipt of disability-retirement benefits is within the exclusive authority of the retirement board, R.C. 3307.64, and there is no appeal from the retirement board's final decision terminating these benefits."[1] *State ex rel. Morgan v. State Teachers Retirement Bd.*, 121 Ohio St.3d 324, 2009-Ohio-591, ¶ 20, citing *State ex rel. Hulls v. State Teachers Retirement Bd.*, 113 Ohio St.3d 438, 2007-Ohio-2337, ¶ 26. Because the decision is not appealable, mandamus is available to correct an abuse of discretion committed by the retirement board in making its decision. *Id.*, citing *State ex rel. Ackerman v. State Teachers Retirement Bd.*, 117 Ohio St.3d 268, 2008-Ohio-863, ¶ 16. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, ¶ 13.

{¶ 20} A relator seeking a writ of mandamus must establish a clear legal right to the relief sought, a clear legal duty on the part of the respondent to perform the requested act, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Bertaux v. State Teachers Retirement Sys. Bd.*, 10th Dist. No. 11AP-504, 2012-Ohio-5900, ¶ 6. Generally, a clear legal right exists where an administrative agency abuses its discretion by entering an order not supported by any evidence on the record; however, when the record contains some evidence to support a board's decision, there has been no abuse of discretion, and mandamus will not lie. *Id.* With these settled principles guiding our review, we will resolve appellant's assignment of error.

## IV. DISCUSSION

{¶ 21} Pursuant to her single assignment of error, appellant argues the trial court erred in denying her petition for a writ of mandamus because STRB abused its discretion in terminating her disability-retirement benefits. Specifically, appellant argues that the

---

[1] R.C. 3307.64 was renumbered as R.C. 3307.48 effective January 7, 2013.

reports of Dr. Berarducci, STRB's medical examiner, did not constitute some evidence on which STRB could rely to terminate her benefits.  She contends Dr. Berarducci consistently found her to be disabled throughout the life of her disability claim.  Furthermore, the portions of Dr. Berarducci's reports which indicate otherwise make his reports equivocal and, thus, not evidence.  We disagree.

{¶ 22} " '[E]quivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement.' " *State ex rel. Knedler v. Indus. Comm.*, 10th Dist. No. 12AP-804, 2013-Ohio-5537, ¶ 22, quoting *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649, 656-57 (1994).  This court does not find Dr. Berarducci's reports to be equivocal.  On the contrary, we find Dr. Berarducci maintained a consistent opinion regarding appellant's condition throughout the duration of her disability claim.  That is, there is nothing physically wrong with appellant that is objectively measurable from a neurological standpoint, which explains or quantifies her headache pain.  Due to appellant's subjective perception of pain, she finds herself unable to work enough days in a school year to meet the attendance expectations of her former employer.  In that regard, appellant is not physically disabled from teaching.  Hers is a pain tolerance issue.  We reject appellant's contention that Dr. Berarducci's reports were not evidence due to equivocations.

{¶ 23} It is true that Dr. Berarducci did not provide consistent conclusions.  However, the Supreme Court of Ohio has held that a board is generally permitted to accept a doctor's findings without accepting his conclusions.  *State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund*, 131 Ohio St.3d 111, 2012-Ohio-46, ¶ 9; *see Ackerman* at ¶ 24.  STRB had the authority to determine whether appellant was entitled to continued receipt of disability-retirement benefits.  *Hulls* at ¶ 26; *Ackerman* at ¶ 22.  STRB made the decision that appellant was capable of returning to work, not Dr. Berarducci, and STRB "is deemed to know what a teaching job entails and whether the recipient is disabled from it."  *State ex rel. Kelly v. State Teachers Retirement Sys. of Ohio*, 10th Dist. No. 11AP-527, 2012-Ohio-4613, ¶ 9.  Our inquiry is limited to whether Dr. Berarducci's reports provided STRB with some evidence, based upon which STRB could enter its order terminating appellant's disability-retirement benefits.  We conclude the reports did provide the required evidence.

{¶ 24} Former R.C. 3307.64 governed decisions to terminate disability-retirement benefits at the time the termination decision was made in this case.  The statute stated in pertinent part:

> The state teachers retirement board shall require any disability benefit recipient to submit to an annual medical examination by a physician selected by the board * * *.
>
> After the examination, the examiner shall report and certify to the board whether the disability benefit recipient is no longer physically and mentally incapable of resuming the service from which the recipient was found disabled.  If the board concurs in a report by the examining physician that the disability benefit recipient is no longer incapable, the payment of a disability benefit shall be terminated * * *.

Additionally, the Supreme Court of Ohio has stated that a disability benefit may be terminated " 'when the retirement board determines, based on a medical examination, that the recipient is capable of resuming service similar to that from which he was found disabled.' "  *Hulls* at ¶ 26, quoting Hastings, Manoloff, Sheeran & Stype, *Baldwin's Ohio School Law*, Section 11:30 (2007); *Ackerman* at ¶ 22.

{¶ 25} Appellant concedes before this court "[i]t is undisputed that from the first time Dr. Berarducci examined [appellant] he found no objective findings to support the conclusion that [appellant] was physically incapable of performing the services of a third grade teacher."  (Appellant's reply brief, 4.)  Based on our review of the record, we agree.  Thus, STRB was authorized to terminate appellant's disability-retirement benefits based on Dr. Berarducci's reports and STRB's determination that appellant was capable of returning to service.  STRB did not abuse its discretion.  Therefore, the trial court was correct not to disturb STRB's decision.

{¶ 26} Appellant makes a number of arguments on appeal specific to Dr. Berarducci's April 2010 report.  None establish an abuse of discretion.  Appellant argues that STRB cannot point to the April 2010 report as evidence upon which STRB based its December 2009 termination decision because the report was submitted after that decision was made.  As a practical matter, appellant is correct.  However, the April 2010 report was admitted during the administrative appeal process.  Furthermore, her argument is inconsequential in light of Dr. Berarducci's July and October 2009 reports

which contained consistent findings that supported STRB's decision to terminate her disability-retirement benefits in December 2009.

{¶ 27} Appellant argues the April 2010 report evidences equivocations by Dr. Berarducci. We disagree. In that report, Dr. Berarducci stated, "[appellant] is not physically or neurologically disabled from teaching." (R. 33, at 317.) He explained that, due to appellant's intolerance to the head pain she perceives, she finds herself unable to attend work at an attendance rate satisfactory to her former employer. In that regard, Dr. Berarducci opined, "[appellant] is unable to perform, not physically disabled from doing so." (Emphasis sic.) (R. 33, at 317.) This statement was consistent with his previous opinions.

{¶ 28} Appellant also contends that Dr. Berarducci's April 2010 report was improperly influenced by STRB because Dr. Berarducci was provided with opinions from members of MRB along with materials he was asked to consider in preparation of that report. This argument is, likewise, inconsequential. Dr. Berarducci's opinion expressed in April 2010 was consistent with his previous opinions as discussed above. Even if the April 2010 report was removed from consideration due to bias or otherwise, the record still contains evidence to support STRB's decision to terminate appellant's disability-retirement benefits, namely Dr. Berarducci's July and October 2009 reports.

{¶ 29} Next, appellant points to the general limitations of employment Dr. Berarducci indicated in April 2010, which were that appellant be limited to a flexible work schedule and no physical exertion. Appellant argues these recommendations evidence Dr. Berarducci's belief that she was physically incapable of resuming the service from which she was found disabled. We decline to read meaning into Dr. Berarducci's indication of limitations and, in turn, find that indication causes conflict with his overall opinion. Moreover, as we stated above, STRB made the decision that appellant was capable of returning to work, not Dr. Berarducci, and STRB "is deemed to know what a teaching job entails and whether the recipient is disabled from it." *Kelly* at ¶ 9.

{¶ 30} Finally, appellant contends the evidence before STRB did not establish a positive change in her condition to warrant a determination that she was capable of returning to work. This argument is not persuasive as this court has previously rejected similar arguments. *See State ex rel. Mullenax v. State Teachers Retirement Sys. Bd.,* 10th

Dist. No. 08AP-116, 2008-Ohio-4261, ¶ 17; *State ex rel. Garrett v. Ohio Pub. Emps. Retirement Sys.*, 10th Dist. No. 11AP-1020, 2012-Ohio-4504, ¶ 3-5, 44.

{¶ 31} Accordingly, for the reasons stated above, we overrule appellant's assignment of error.

## V. CONCLUSION

{¶ 32} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, J., concurs.
DORRIAN, J., dissents.

DORRIAN, J., dissenting.

{¶ 33} I respectfully dissent from the majority decision. I would find Dr. Berarducci's July 2009 report and opinion contradicts his October 2009 letter and opinion. Further, I would find his April 2010 letter to be equivocal if not ambiguous. Therefore, I would conclude that Dr. Beraducci's reports do not constitute some evidence from which STRB could rely in deciding to terminate appellant's benefits, and I would reverse and grant the writ of mandamus.

_____