[Cite as *State ex rel. K.S. v. Ashland Cty. Dept. of Job & Family Servs.*, 2021-Ohio-3065.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | JUDGES: |
| K.S., ET AL. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Relators-Appellants | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ASHLAND COUNTY DEPARTMENT | : | |
| OF JOB AND FAMILY SERVICES | : | Case No. 21-COA-004 |
| | : | |
| Respondent-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 19 CVI 241


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   September 2, 2021


APPEARANCES:

For Relators-Appellants                For Respondent-Appellee

LEVI J. TKACH                          TERESA L. GRIGSBY
604 East Rich Street                   900 Adams Street
Columbus, OH  43215-5341               Toledo, OH  43604

*Wise, Earle, J.*

{¶ 1}   Relators-Appellants, K.S. and C.S., appeal the January 29, 2021 judgment entry of the Court of Common Pleas of Ashland County, Ohio, granting summary judgment to Respondent-Appellee, Ashland County Department of Job and Family Services, on their complaint in mandamus.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellants are a married couple who fostered children through appellee starting in December 2016.  In 2018, appellants, foster mother K.S. and foster father C.S., were asked to foster three brothers between the ages of nine and thirteen.  In July 2018, C.S. and the boys went swimming.  The pool manager called the police after receiving a report of C.S. physically assaulting one of the boys.  A police report was taken and the boys left with C.S.

{¶ 3}   Two days later, the boys were removed from appellants' care and appellee initiated a review of the incident.  On September 26, 2018, appellee issued an Alleged Perpetrator Disposition Letter with a finding of substantiated abuse.  Appellants intended to renew their foster home certification which was due to expire on December 14 2018.  On October 19, 2018, appellee informed appellants it would be recommending to the Ohio Department of Job and Family Services (hereinafter "ODJFS") that the application for recertification should be denied due to the incident.  If a recertification request is denied, the applicant is not eligible to receive a foster home license for five years.

{¶ 4}   Appellants filed grievances on the substantiated abuse finding and the recertification issue.  All of appellants' arguments were denied, culminating with a final decision by appellee's director, J. Peter Stefaniuk, on December 12, 2018.  On December

13, 2018, appellants voluntarily signed a "Form 1331" thereby surrendering their certificate to serve as foster parents in hopes of receiving foster home certification in another county.  Appellants applied to be foster parents with Richland County Children's Services.  Their application was denied due to the substantiated abuse finding in Ashland County.  Appellants received a state hearing pursuant to R.C. Chapter 119 and the hearing officer ruled against appellants.

{¶ 5}  On December 19, 2019, appellants filed with the trial court a writ of mandamus to compel appellee to 1) vacate the finding of substantiated abuse; 2) hold an administrative hearing pursuant to R.C. Chapter 119; 3) reimburse them for any and all costs; and 4) provide them any and all other relief.

{¶ 6}  On August 8, 2020, appellee filed a motion for summary judgment.  By decision filed November 9, 2020, the magistrate granted the motion.  Appellants filed objections.  By judgment entry filed January 29, 2021, the trial court denied the objections and adopted the magistrate's decision.

{¶ 7}  Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 8}  "THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT WITHOUT RULING ON DISPUTED MATERIAL FACTS"

II

{¶ 9}   "THE LOWER COURT ERRED BY APPROVING THE ASHLAND COUNTY JFS REVIEW THAT WAS NOT SUFFICIENTLY INDEPENDENT AS REQUIRED BY OHIO ADM. CODE 5101:2-36-08."


III

{¶ 10} "THE LOWER COURT ERRED BY ACCEPTING DIRECTOR STEFANIUK'S INCORRECTLY FINDING OF SUBSTANTIATED ABUSE."

IV

{¶ 11} "THE LOWER COURT FAILED TO GRASP THE DISTINCTION BETWEEN JFS COUNTY LEVEL AND STATE LEVEL REVIEW."

I, II, III, IV

{¶ 12} In their assignments of error, appellants claim the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):


Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party

against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 15} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the

nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 16} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). Mandamus is an extraordinary remedy "to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser,* 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977).

{¶ 17} "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." "Abuse of discretion" means an unreasonable, arbitrary, or unconscionable decision. *Blakemore v.*

*Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "Generally, a clear legal right exists where an administrative agency abuses its discretion by entering an order not supported by any evidence [in] the record; however, when the record contains some evidence to support a board's decision, there has been no abuse of discretion, and mandamus will not lie." *State ex rel. Riddell v. State Teachers Retirement Bd.*, 10th Dist. No. 13AP-660, 2014-Ohio-1646, ¶ 20.

{¶ 18} Ohio Admin.Code 5101:2-7-09 governs care, supervision, and discipline regarding foster care, and states the following in pertinent part:

(A) A foster caregiver shall treat each foster child with kindness, consistency, and respect.

(C) A foster caregiver shall provide humane, instructive discipline appropriate to the age and functioning level of a foster child.

(D) A foster caregiver shall not subject a foster child to verbal abuse or swearing; to derogatory remarks about foster children and their families, race, sex, gender, sexual identity, sexual orientation, religion, color or national origin; or to threats of physical violence or removal from the foster home.

(E) A foster caregiver shall not use any of the following practices for a foster child:

(1) Physical hitting or any type of physical punishment inflicted in any manner upon the body including but not limited to spitting, spanking,

paddling, punching, shaking, biting, hair pulling, pinching, or rough handling.

(F) Physical restraint of a foster child shall only be utilized by a caregiver who has received specific training and annual review in acceptable methods of restraint. Documentation of such training shall be contained in the foster home record.

(G) Physical restraint may be used by a caregiver when there is an imminent risk of physical harm:

(1) For self protection.

(2) For protection of the child from self-destructive behavior.

(3) To protect another person from a foster child.

(H) A foster caregiver shall use only the least restrictive physical restraint necessary to control a situation. A foster caregiver shall not use any device to prevent or restrict movement as punishment or for convenience.

{¶ 19} To reiterate, appellants sought a writ of mandamus to compel appellee to vacate the finding of substantiated abuse and hold an administrative hearing pursuant to R.C. Chapter 119.

{¶ 20} In its August 12, 2020 motion for summary judgment at 15, appellee argued it "did not act arbitrarily, unconscionably, or unreasonably when finding that a substantiated event of abuse occurred." Appellee received information from a third-party investigator (Ashland Police Department), considered C.S.'s conduct in light of the

administrative regulations governing foster parent conduct, and provided grievance procedures, including review by an agency supervisor and then a director. The director conducted a telephone hearing with appellants, and thereafter provided a four-page decision listing the applicable administrative regulations and the evidence presented in his determination that a violation of Ohio Admin.Code 5101:2-7-09 had occurred. The director cited the following from the police report:

[C.S.] told me that he has been having problems with his foster son * * *. [C.S.] explained * * * wasn't listening and he got mad and grabbed him by the throat and pushed him under the water but didn't hold him under. I explained to [C.S.] that there are other ways to punish a kid other than grabbing him by the throat. [C.S.] admitted that he made a mistake, but he has three foster kids and it's hard to deal with them sometimes. [C.S.] mentioned that he is in martial arts and he knows that he needs to learn discipline better.[1]

{¶ 21} The director noted the following:

All three children, when interviewed after the event by law enforcement, gave consistent accounts of this matter. APD Det. Kim Mager conducted separate interviews of the siblings * * * and * * * ages 9 and 11,

---

[1]The asterisks in this quote and the following quote represent the names of the children which are redacted in the record.

on July 17, 2018; and an interview of the child victim, * * *, on July 21, 2018. Her interviews of the children were supplements to the above APD Report. Each sibling recounted [C.S.] angrily shoving/pushing * * * under water by his neck for a period of seconds.  An interview was also conducted of the pool lifeguard who witnessed the event and her description was also consistent ("grabbing his 'throat area' and 'put him under water for about three seconds.' ")

{¶ 22} The director also noted the "interviews revealed further concern regarding [C.S.'s] anger issues in the home toward the children" including aggressive behavior with the children and swearing toward the children and K.S.  Both C.S. and K.S. "acknowledge that he has anger issues to which he is now receiving treatment."

{¶ 23} After reviewing the motion for summary judgment with attached exhibits and appellants' memorandum contra, the magistrate filed a lengthy and thorough analysis of his decision on November 9, 2020.  The magistrate noted in order to prevail in the mandamus action, appellants must establish appellee abused its discretion in substantiating the abuse allegation against C.S.

{¶ 24} The magistrate found an independent investigation was completed in accordance with Ohio Admin.Code 5101:2-36-08 by the Ashland Police Department and cited to the report.  The magistrate found the director "reviewed the lengthy and detailed statements" submitted by appellants and conducted a telephone hearing permitting appellants to voice their concerns and be fully heard.  The magistrate concluded "[t]here

is nothing unconscionable, arbitrary, or unreasonable about basing a finding of substantiated abuse upon an independent investigation."

{¶ 25} The magistrate also concluded appellee cannot conduct a review hearing pursuant to R.C. Chapter 119 on the substantiated abuse finding as requested by appellants because appellee does not have the authority to do so under the chapter; therefore, under mandamus, appellants do not have a clear legal right to the requested relief of an R.C. Chapter 119 hearing.

{¶ 26} As to an R.C. Chapter 119 hearing on the recertification issue, the magistrate found appellants "have an adequate remedy available to them which they have already utilized" through their Richland County action. Appellants were "provided with a Chapter 119 hearing which did cover their claims against" appellee.

{¶ 27} The magistrate determined "there are no genuine issues as to any material fact that remain to be litigated," appellee was entitled to judgment as a matter of law, and "it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the Plaintiffs, that conclusion is adverse to the Plaintiffs."

{¶ 28} In its January 29, 2021 judgment entry, the trial court reviewed the evidence presented and the applicable law, and concurred with the magistrate's analysis. The trial court denied appellants' objections and adopted the magistrate's decision, stating the following in pertinent part:

> The issue before the Court is not whether [C.S.] abused a child. The
> issue before the Court is whether the Ashland County Department of Job

and Family Services acted unreasonably, arbitrarily, or unconscionably in substantiating the abuse allegation. The Plaintiffs are not to re-litigate the abuse claim before this Court. Rather, the Court is tasked with determining whether Director Stefaniuk, in light of his conduct and the information available to him, abused his discretion in substantiating the allegation against [C.S.].

* * *

What this matter ultimately comes down to is the Plaintiffs' challenge of Director Stefaniuk's implicit finding that the investigating officers were credible and the Plaintiffs' desire to present additional evidence. The Plaintiffs had the opportunity to present their evidence, both through the submission of written objections and during the oral hearing, to Director Stefaniuk. This matter does not afford the Plaintiffs a second bite at the apple after being dissatisfied with Director Stefaniuk's decision. As to Director Stefaniuk's credibility determinations, it is not for a reviewing Court to substitute its own credibility determination for that of the original fact finder who conducted the subject hearing.

{¶ 29} In our review of all of appellants' arguments and the evidence presented, we concur with the well-reasoned analysis of the magistrate and the trial court.

{¶ 30} Upon review, we find the trial court did not err in granting summary judgment to appellee on appellants' mandamus complaint.

{¶ 31} Assignments of Error I, II, III, and IV are denied.

{¶ 32} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db