**BOYD, Appellant,**

v.

**OHIO STATE MEDICAL BOARD, Appellee.**

[Cite as *Boyd v. Ohio State Med. Bd.* (2001), 144 Ohio App.3d 384.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

· No. 00AP–966.

Decided May 17, 2001.

*Donald E. Howard,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Karl W. Schedler,* Assistant Attorney General, for appellee.

PEGGY BRYANT, Presiding Judge.

Plaintiff-appellant, Arthur B. Boyd, Jr., appeals from a judgment of the Ohio Court of Claims in favor of defendant-appellee, Ohio State Medical Board ("board"), on appellant's complaint seeking damages for wrongful disclosure of his expunged conviction. Because the trial court properly found appellant's complaint is barred by the applicable statutes of limitations, we affirm.

In 1978, appellant graduated from Meharry Medical College in Nashville, Tennessee. After a residency and fellowship following his graduation from medical school, he on numerous occasions took the FLEX exam, one of the methods used by various state boards to grant an individual a license to practice medicine. Appellant has never passed all parts of the FLEX exam in a single sitting, and has never had an unrestricted license to practice medicine in the United States or outside the United States.

In 1985, appellant entered a *nolle contendere* plea to a charge of bribery arising from appellant's attempts to bribe a Michigan state official to give him an advance copy of the FLEX exam. Appellant was found guilty on the charge in Michigan and was ordered to pay a fine and costs, to perform volunteer work, and to serve time in the Ingham County Jail.

Dr. Boyd sought licensure in the state of Ohio in 1985. The board denied the request, premised on his Michigan conviction for bribery. During the hearing on appellant's application for licensure, the order of the Michigan court reflecting his sentence for the bribery conviction was entered as an exhibit.

On appellant's petition, the Cuyahoga County Common Pleas Court, in June 1992, issued a "Judgment of Expungement of Conviction," though the entry does not specifically refer to appellant's conviction for bribery. The court ordered that all official records pertaining to the case be sealed, and it further ordered various entities to receive a certified copy of the expungement order. The board was not among the entities listed.

In 1996, appellant was a party to litigation in New York concerning a business with which he was associated that operated under the name of "Motown Beverages Company." Sued by Motown Records over the name of the business, appellant ultimately received a judgment against him due to his failure to cooperate in discovery. However, during the discovery period, Kenneth L. Bressler, an attorney for Motown Records, obtained a copy of the entry reflecting appellant's conviction in the Michigan court, attached it to documents he filed with the court, and served them on appellant on August 16, 1996. Appellant received them on or about August 16, 1996.

On January 6, 1999, appellant filed a complaint in the Ohio Court of Claims asserting that the board wrongfully released his conviction record to Bressler in 1996, despite the expungement four years earlier. In doing so, appellant claimed, the board had violated his right to privacy by releasing information that was ordered sealed by judicial decree, in violation of R.C. 2953.35. In addition, appellant asserted that the board violated (1) R.C. 1347.05(F), (G), and (H) by failing to maintain a proper data-filing system, (2) his right to privacy by releasing his conviction, which resulted in its use by Bressler, and (3) R.C. 1347.10 by disseminating personal, sensitive, nonpublic information to an unauthorized individual. Appellant sought $2 million in compensatory damages, $3 million in punitive damages, the expenses of the litigation, attorney fees, pre- and post-judgment interests and costs.

On the day of trial, the trial court referred the matter to a magistrate, who took evidence and issued a decision. In his decision, the magistrate concluded (1) that the board did not receive notice of the expungement order until October 14, 1997, and that the board, thus, had no knowledge of the expungement on August 15, 1996, "the date it released appellant's conviction record to attorney Bressler pursuant to the public records request" (Magistrate's Decision, pg. 4), (2) that service of the expungement order on the Ohio Attorney General did not constitute constructive knowledge to the board of the expungement order, (3) that appellant failed to establish that the board's policies and procedures were

inadequate under R.C. 1347.06, and (4) that appellant did not timely file his complaint in the Court of Claims.

Appellant filed objections to the magistrate's decision. However, the trial court overruled the objections and adopted the magistrate's decision, entering judgment for the board. Appellant appeals, assigning the following errors:

"I. The trial court erred to the prejudice of the plaintiff–appellant when it found that the defendant did not receive notice of the expungement order under Revised Code 2953.32 until October 14, 1997.

"II. The trial court erred to the prejudice of the plaintiff–appellant when it found that the defendant state agency did not violate Revised Code 1347.05(B) and (G), which require a state agency to 'implement rules' to protect personal information from unauthorized disclosure, and that the plaintiff failed to prove that defendant's policies in the operation of the personal information system were acted upon in bad faith.

"III. The trial court erred to the prejudice of the plaintiff–appellant when it found that the plaintiff–appellant did not timely file his complaint under [R.C.] 1347.10(A).

"IV. The trial court erred to the prejudice of the plaintiff-appellant when it failed to provide an order of referral for the case to be tried by a magistrate under Civil Rule 53."

■ We first address appellant's third assignment of error, as it disposes of most of appellant's appeal. His third assignment of error asserts the trial court erred in finding his claims time-barred.

The trial court's magistrate analyzed the statute of limitations issue under two separate provisions, referring to R.C. 1347.10(A) regarding appellant's claims under that section, and to R.C. 2743.16(A) for appellant's common-law claims. Appellant does not challenge the statutes of limitations selected and applied, but asserts that the facts do not support the result the trial court reached. R.C. 1347.10(A) provides:

"* * * An action under this division shall be brought within two years after the cause of action accrued or within six months after the wrongdoing is discovered, whichever is later; provided that no action shall be brought later than six years after the cause of action accrued. The cause of action accrues at the time that the wrongdoing occurs."

R.C. 2743.16(A) provides:

"Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later

than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

According to the evidence, and as found in the magistrate's decision, Bressler, counsel for Motown Records, received a copy of appellant's expunged conviction record from the board by fax on August 15, 1996; the document received from the board states at the top "AUG–15–96 15:29 FROM ST MEDICAL BD OF OH." That document, along with others, was served on appellant on August 16, 1996, and he received it on or about that date. Despite being served with the document on August 16, 1996, appellant did not file the present action until January 6, 1999.

Under the provisions of R.C. 1347.10(A), appellant had two years after the cause of action accrued to file a complaint, or six months after the wrongdoing was discovered. Here, the wrongdoing occurred on August 15, 1996; appellant discovered it within the next day or so. Appellant failed to file the action within two years after the cause of action accrued, or within six months after the wrongdoing was discovered. Thus, under either provision of R.C. 1347.10(A), appellant's complaint in the Court of Claims is untimely. Similarly, under R.C. 2743.16(A), even if the date of accrual is deemed to be the date of wrongdoing, appellant had two years from mid-August 1996 to file his complaint. Appellant having failed to do so, his complaint is untimely under R.C. 2743.16(A) as well.

Because appellant failed to timely commence his complaint in the Court of Claims, the magistrate properly determined his complaint is time-barred. Accordingly, appellant's third assignment of error is overruled, rendering his first and second assignments of error moot. App.R. 12(A).

■ Appellant's fourth assignment of error asserts the trial court erred in referring the matter to a magistrate without an order of referral under Civ.R. 53.

When the parties arrived at the court for trial, the court advised the parties that it would refer the matter to a magistrate for hearing. No objections were lodged by either party. The magistrate heard the evidence without objection to the hearing proceeding before the magistrate, and appellant's objections to the magistrate's decision did not refer to the issue now asserted in appellant's fourth assignment of error. Having failed to object in the trial court, appellant has waived the matter on appeal. See *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003, citing *State v. Glaros* (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus (stating that "the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected"); Civ.R. 53(E)(3)(b). Accordingly, appellant's fourth assignment of error is overruled.

Having overruled appellant's third and fourth assignments of error, rendering his first and second assignments of error moot, we affirm the judgment of the Ohio Court of Claims.

*Judgment affirmed.*

KENNEDY and DESHLER, JJ., concur.