THE STATE EX REL. SCHMIDT, APPELLANT, *v.* SCHOOL
EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

**[Cite as *State ex rel. Schmidt v. School Emp. Retirement Sys.*, 100 Ohio St.3d 317, 2003-Ohio-6086.]**

318

(No. 2003–0991—Submitted November 3, 2003—Decided December 3, 2003.)

**Per Curiam.**

{¶ 1} In January 2002, appellant, Patricia Schmidt, filed a complaint in the Court of Appeals for Hamilton County. In her complaint as subsequently amended, Schmidt requested a writ of mandamus to compel appellee, School Employees Retirement System ("SERS"), to grant her previously filed application for disability retirement benefits. Upon SERS's motion, the case was transferred to the Court of Appeals for Franklin County.

{¶ 2} The court of appeals referred the case to a magistrate under Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. In November 2002, the magistrate issued a decision in which he recommended that the court of appeals deny the writ because Schmidt's brief did not comply with the requirements of App.R. 19 and Loc.R. 12(J).

{¶ 3} In April 2003, after Schmidt failed to file objections to the magistrate's decision, the court of appeals denied the writ. The court of appeals "agree[d] with the magistrate's determination that [Schmidt] failed to file a brief in compliance with Loc.R. 12(J) and App.R. 19, thereby justifying the denial of the requested writ of mandamus." The court of appeals further concluded that "the argument [Schmidt] appears to advance was rejected" in *State ex rel. Schwaben v. School Emp. Retirement Sys.* (1996), 76 Ohio St.3d 280, 667 N.E.2d 398.

{¶ 4} On appeal, Schmidt asserts that we should reconsider our decision in *Schwaben.*

{¶ 5} Schmidt is not entitled to reversal of the judgment denying the writ. Although the court of appeals gave two reasons to deny the writ, i.e., failure to comply with the briefing requirements of App.R. 19 and Loc.R. 12(J) and our holding in *Schwaben,* she challenges only the court of appeals' reliance on *Schwaben* in this appeal. Even if the court's rationale on this latter ground was incorrect, its judgment denying the writ is not subject to reversal because Schmidt does not challenge all of the independent reasons given by the court of appeals to deny the writ. See *Stewart v. Corrigan,* 97 Ohio St.3d 80, 2002-Ohio-5316, 776 N.E.2d 103, ¶ 4 ("even if the court's rationale on this ground was incorrect, its judgment denying the writ based on the grounds that Stewart does not contest on appeal was proper"); *State ex rel. White v. Suster,* 95 Ohio St.3d 465, 2002-Ohio-2482, 768 N.E.2d 1178, ¶ 3. That is, Schmidt does not challenge the propriety of the court of appeals' denial of the writ based on her failure to comply with the briefing requirements of App.R. 19 and Loc.R. 12(J).

{¶ 6} Moreover, even if Schmidt had raised this briefing issue on appeal, she waived any error by failing to object to the court of appeals' adoption of the magistrate's findings of fact and conclusions of law. "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(d); Loc.R. 12(M)(1) of the Tenth District Court of Appeals ("the proceedings and decision of the magistrate and objections thereto shall be governed by Civ.R. 53"); see, also, *Smith v. Null* (2001), 143 Ohio App.3d 264, 271, 757 N.E.2d 1200; *Boyd v. Ohio State Med. Bd.* (2001), 144 Ohio App.3d 384, 388, 760 N.E.2d 433.

{¶ 7} Therefore, we need not consider Schmidt's argument concerning the applicability of *Schwaben* to SERS's decision to deny her application for disability retirement benefits. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Croskery & Associates Co., L.P.A., and Robert F. Croskery, for appellant.

Jim Petro, Attorney General, and Judith T. Edwards, Assistant Attorney General, for appellee.