[Cite as *State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund,* 131 Ohio St.3d 111, 2012-Ohio-46.]

THE STATE EX REL. KOLCINKO, APPELLANT, *v.* OHIO POLICE

AND FIRE PENSION FUND, APPELLEE.

[Cite as *State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund,*

**131 Ohio St.3d 111, 2012-Ohio-46.]**

*Public employees—Police and Fire Pension Fund—Disability-retirement benefits*

*denied.*

(No. 2011-0850—Submitted January 3, 2012—Decided January 11, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-269, 2011-Ohio-1668.

_____

**Per Curiam.**

{¶ 1} Appellant, Andrew M. Kolcinko, appeals from a judgment entered by the Court of Appeals for Franklin County denying his request for a writ of mandamus to compel the board of trustees of appellee, Ohio Police and Fire Pension Fund ("OP & F"), to award him disability-retirement benefits based on his claim that he is permanently and totally disabled as a result of the performance of his official duties as a member of the Solon Police Department from January 1991 until his resignation in March 2007. We affirm.

{¶ 2} "Because the final OP & F board decision is not appealable, mandamus is available to correct an abuse of discretion by the board in denying disability benefits." *State ex rel. Tindira v. Ohio Police & Fire Pension Fund,* 130 Ohio St.3d 62, 2011-Ohio-4677, 955 N.E.2d 963, ¶ 28. A clear legal right to the requested relief in mandamus exists "where the board abuses its discretion by entering an order which is not supported by 'some evidence.' " *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989.

**{¶ 3}** In November 2009, the board of trustees upheld its previous decision denying Kolcinko's application for disability-retirement benefits. Kolcinko claimed entitlement to an award of benefits under R.C. 742.38(D)(1), which provides, "A member of the fund who is permanently and totally disabled as the result of the performance of the member's official duties as a member of a police or fire department shall be paid annual disability benefits in accordance with division (A) of section 742.39 of the Revised Code." " 'Totally disabled' means a member of the fund is unable to perform the duties of any gainful occupation for which the member is reasonably fitted by training, experience, and accomplishments," and " '[p]ermanently disabled' means a condition of disability from which there is no present indication of recovery." R.C. 742.38(D)(1)(a) and (b).

**{¶ 4}** The court of appeals denied the writ of mandamus because the court determined that the report of Dr. Sylvester Smarty, a psychiatrist, supported the board's determination that Kolcinko was not permanently and totally disabled due to a psychiatric or psychological impairment.

**{¶ 5}** On appeal, Kolcinko claims that the court of appeals erred in denying the writ because the OP & F board of trustees abused its discretion in two different ways. Kolcinko first contends that the board abused its discretion by relying on Dr. Smarty's report to support the denial of benefits. Dr. Smarty examined Kolcinko in February 2008, and he concluded that Kolcinko's disability was temporary and that recovery could be reasonably expected within a year. Dr. Smarty further concluded that "[h]is prognosis would definitely be improved by a more aggressive approach to his treatment," that he had a whole-person impairment of 15 percent, and that his score on the global assessment of functioning was 65. In his assessment of Kolcinko's mental residual functional capacity, Dr. Smarty determined that Kolcinko's ability to perform work-related

2

activities on a day-to-day basis in a regular work setting ranged from very good to fair.

{¶ 6} Kolcinko contends that Dr. Smarty's report could not be considered probative evidence, because after a year had passed from the consultative evaluation, the August 2009 report of Dr. Edward Poa and Dr. Phillip Resnick established that his psychiatric symptoms remained.

{¶ 7} Under R.C. 742.38 and Ohio Adm.Code 742-3-05, the OP & F board is vested with the exclusive authority to evaluate the weight and credibility of the medical evidence in determining a member's entitlement to disability-retirement benefits. Notwithstanding Dr. Poa's and Dr. Resnick's conclusion that Kolcinko was permanently disabled, they further noted that Dr. Francis McCafferty had observed that Kolcinko complained of "certain patterns or combinations of features that are unusual or atypical in clinical populations but relatively common among individuals feigning mental disorder." Dr. Poa and Dr. Resnick opined that Kolcinko had a lower whole-person impairment (12 percent) than the 15 percent figure determined by Dr. Smarty.

{¶ 8} These psychiatrists also determined that Kolcinko had the same global assessment of functioning score (65) that Dr. Smarty found. This score indicates "some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or social functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." Diagnostic and Statistical Manual of Mental Disorders (4th Ed.Text Rev.2000) 34. Dr. Poa and Dr. Resnick also found that Kolcinko's ability to use judgment, to maintain regular attendance, to understand and carry out simple job instructions, and to maintain personal appearance was very good and that Kolcinko's ability to follow work rules, relate to co-workers, deal with the public, interact with supervisors, function independently, perform at a consistent pace, understand and carry out detailed but

not complex job instructions, behave in an emotionally stable manner, and relate predictably in social situations was good.

{¶ 9} As the court of appeals properly concluded, the OP & F board was permitted to accept the findings of Dr. Poa and Dr. Resnick but reject their conclusions. These findings supported the findings and conclusion of Dr. Smarty and refuted Kolcinko's claim that Dr. Smarty's report was stale and unreliable. The doctors' reports were evidence to support the board's denial of Kolcinko's application for disability-retirement benefits. Under the appropriate standard of review, the presence of contrary evidence is immaterial if there is evidence in support of the board's findings of fact. See *State ex rel. Spohn v. Indus. Comm.*, 115 Ohio St.3d 329, 2007-Ohio-5027, 875 N.E.2d 52, ¶ 33. Therefore, OP & F did not abuse its discretion by relying on Dr. Smarty's report to support its decision denying Kolcinko's application for disability-retirement benefits.

{¶ 10} For his remaining contention, Kolcinko claims that the OP & F board abused its discretion in denying him disability-retirement benefits because he was also physically disabled from continuing to work. Kolcinko did not, however, raise any argument concerning his physical impairments until his reply brief in the court of appeals, and that argument was limited to claiming that the OP & F board failed to state particular evidence and reasons why it denied his permanent-disability benefits for his physical impairments. See *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 40 (new argument in reply brief is forbidden).

{¶ 11} The court of appeals thus correctly concluded that "[a]lthough relator's application for disability retirement also cites injuries to his left eye, right knee, right elbow, lower back, and left shoulder, he is only challenging [the board's] decision as it relates to the allowed physical impairment." *State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund*, 10th Dist. No. 10AP-269, 2011-Ohio-1668, 2011 WL 1314675, ¶ 20. In his objections to the magistrate's

decision, Kolcinko did not object to that finding, and he limited his objections to his claimed psychological impairments. Kolcinko thereby waived any error by failing to object to that portion of the magistrate's decision recommending denial of the writ. *State ex rel. Schmidt v. School Emps. Retirement Sys.*, 100 Ohio St.3d 317, 2003-Ohio-6086, 798 N.E.2d 1088, ¶ 6; *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, ¶ 18.

{¶ 12} Therefore, Kolcinko's alternate argument also lacks merit.

{¶ 13} Based on the foregoing, Kolcinko did not establish that the OP & F board of trustees abused its discretion by denying his application for disability-retirement benefits. Therefore, we affirm the judgment of the court of appeals denying the writ of mandamus. We also deny Kolcinko's motion for oral argument because the parties' briefs are sufficient to resolve this case. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 16.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Marc G. Doumbas, for appellant.

Michael DeWine, Attorney General, and Jennifer S. M. Croskey, Assistant Attorney General, for appellee.

_____