THE STATE EX REL. MENZ, APPELLEE, *v.* STATE TEACHERS RETIREMENT BOARD, APPELLANT.

[Cite as *State ex rel. Menz v. State Teachers Retirement Bd.*, 144 Ohio St.3d 26, 2015-Ohio-2337.]

(No. 2014–1240—Submitted March 10, 2015—Decided June 17, 2015.)

———

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' decision in this appeal of a mandamus case. Respondent-appellant, State Teachers Retirement Board

("STRB"), denied the application of relator-appellee, Jason Menz, for disability-retirement benefits because, it asserts, he did not meet the criteria for permanent disability. Menz filed an action in mandamus in the Tenth District, and that court held that STRB had abused its discretion because both the treating physician and the independent physician had acknowledged that Menz had a condition that would prevent his return to work for at least a year.

{¶ 2} The only statutory criterion for an award of disability under the State Teachers Retirement System is that the applicant is "mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application." R.C. 3307.62(C). Menz's treating physician specifically reported that Menz met this statutory requirement. Despite some unfavorable comments and despite his recommendation that benefits be denied, the independent medical examiner also found that Menz qualified for benefits under R.C. 3307.62(C), i.e., he found that Menz would not be able to return to work for at least 12 months due to his medical condition. The explicit reasons given by the independent examiner for recommending that benefits be denied were that granting them can be counterproductive in the management of chronic pain and that there was no objectively measurable neurological cause for the headaches. These factors are not relevant to a determination that an applicant is eligible for benefits under R.C. 3307.62(C). The court of appeals was therefore correct that STRB abused its discretion in denying Menz disability benefits, and we affirm.

*Facts*

### Disability under the State Teachers Retirement System

{¶ 3} Under the statutes governing disability retirement, members of the State Teachers Retirement System who can demonstrate that they are unable to perform their duties for at least 12 months because of a physical or mental condition are entitled to disability benefits. R.C. 3307.62(C). Once an application for benefits is submitted, an independent medical examiner will evaluate the applicant and prepare a report for STRB. *Id.* If the independent examiner determines that the applicant is disabled and STRB agrees, STRB will grant the application. Ohio Adm.Code 3307:1–7–02(A)(3). If, on the other hand, the independent examiner finds that the applicant is not disabled, the application and records will be reviewed by three independent physicians on a medical review board designated by STRB. R.C. 3307.62(E); Ohio Adm.Code 3307:1–7–01(F) and 3307:1–7–02. If the medical review board recommends denial, and STRB votes to deny disability, the applicant may appeal, and a hearing will be conducted upon the applicant's request. R.C. 3307.62(F); Ohio Adm.Code 3307:1–7–06(B). The applicant may appear with an attorney, Ohio Adm.Code 3307:1–7–06(B)(3)(b), and STRB will review the application and evidence, Ohio

Adm.Code 3307:1–7–05(B). STRB may require the medical review board to participate in the evaluation of the evidence and make a recommendation. Ohio Adm.Code 3307:1–7–05(B)(5)(e). STRB will then affirm, reverse, or modify its prior action. Ohio Adm.Code 3307:1–7–05(B)(5)(f).

## Jason Menz's application

{¶ 4} Jason Menz was employed as an elementary-school principal in Cortland, Ohio. During the 2010–2011 school year, he was absent 132 days due to personal illness. On March 10, 2011, Menz's administrative contract was not renewed, effective as of the end of the 2010–2011 school year.

{¶ 5} Menz applied for disability benefits on May 27, 2011; he stated in the application that his disability is debilitating migraine headaches. His application included a May 6, 2011 report from Menz's doctor, Robert G. Kaniecki, M.D. Kaniecki is Director of the Headache Center and Assistant Professor of Neurology at the University of Pittsburgh Medical Center. Kaniecki had been treating Menz since late 2009 and diagnosed him with chronic migraine. His report stated that Menz's major symptoms included unilateral and bilateral headaches, throbbing pain, and nausea. Physical signs include vomiting, sensitivity to light and sound, and fatigue. The report stated that Menz had 20 headache days per month, 10 severe and 5 incapacitating. The report also stated that Menz had taken medical leave to begin a more aggressive therapeutic program. The program was apparently unsuccessful and Menz continued to experience headaches. He approached Kaniecki about the possibility of applying for disability benefits, and Kaniecki concluded that Menz

is presently unable to perform his job as an elementary school principal. His migraine condition is expected to last at least an additional several years * * * and given the refractory nature of his headaches over the past 18 months, it is my expectation that he will continue to suffer intermittent disability from protracted migraine episodes. Since the definition of "permanent" disability is listed as a condition extending beyond one year, I would certify him as permanently disabled.

{¶ 6} Albert L. Berarducci Jr., M.D., a neurologist, performed an independent medical examination on behalf of STRB in August 2011. In his report he noted that Menz had seen several neurologists. He described the history of Menz's headaches, which started when Menz was a child, abated somewhat in his teenage years, and began again in his twenties. The profile indicated that one-third of all his headaches are "maximal," that the aching is sharp and throbbing, and that he often wakes up with a headache at peak intensity. Berarducci noted that Menz's sleep quality is fair to poor and that he has a headache on awakening almost

every morning. He also noted that "despite his debilitating headache" Menz is able to exercise every day.

{¶ 7} Berarducci stated that Menz "has chronic daily headache that has been at the current level of severity * * * for the last eight years." He made numerous statements critical of Menz's previous treatment, concluding that "[a]ll of these elements [i.e., the psychobehavioral aspects of pain intolerance and the effect of stressors] need deeper and more flexible evaluation, if Mr. Menz is going to reach a self-sustaining, more effective program of headache management at any time in the near future." After more comments on possible treatments, Berarducci stated that permanent-disability retirement for Menz would be counterproductive, "as it only frees him from the stresses and pressures of his job while not actually treating the underlying problem. This headache syndrome could flower again in the future when [Menz is] faced by different stressors * * *." He also stated that "[f]rom a purely neurological perspective, I do not think that Mr. Menz should be declared permanently disabled from teaching." However, he stated that Menz's "headache as currently described is sufficiently disabling that he likely will not tolerate an immediate return to his previous occupation without additional instruction in a different philosophy of headache pain management." Berarducci recommended that a status of temporary disability be recognized so that Menz could find a different treatment protocol. He indicated on the form provided that Menz's application for permanent-disability retirement should be denied.

**STRB requires additional treatment**

{¶ 8} In response to Dr. Berarducci's report, STRB required Menz to undergo additional treatment for six months before further action would be taken on his application. As suggested by Dr. Berarducci, Menz went to the Diamond Headache Clinic in Chicago. While there, he underwent assessment and treatment, including different medications and other therapies, but still suffered debilitating headaches. His discharge diagnosis was chronic migraine without aura, considered intractable.

{¶ 9} Menz then provided to STRB documentation from the Diamond clinic, as well as an updated report from Dr. Kaniecki. That report stated that Menz continued to report an underlying daily headache with severe headaches 17 days a month and incapacitating headaches 5 days a month. He had shown no significant improvement despite various new treatments and medications since August 2011. Kaniecki concluded that Menz had significant disability and was disabled from his position as school principal and schoolteacher.

{¶ 10} STRB had Menz return to Dr. Berarducci for another evaluation. Dr. Berarducci received 60 pages of records of Menz's various treatments. He opined that there was no defined physical cause to explain Menz's intractable

headaches. He suggested improved sleep quality would increase psychological resistance to pain and suggested that a reformulation of psychobehavioral diagnoses is necessary. He discussed possible combinations of physical and psychobehavioral mechanisms that should be pursued. He stated that "[f]rom a neurological perspective Mr. Menz has no measurable cause or reason to be permanently disabled" and that "[h]is inability to work resides only in his assertions [that] he cannot work." However, he also stated that for Menz, "successful headache pain control [may] remain forever elusive," that "Menz likely will not be returning to work with headache at the levels he describes today," and that "[t]o that extent, he is 'disabled.'" But Dr. Berarducci stated that he feels that a declaration of permanent disability will "close off potential for future improvement" because in "some patients" such a declaration makes the situation worse.

**Review by the medical review board**

{¶ 11} Three members of the STRB medical review board reviewed Menz's application and recommended denial of his disability application. One reviewer recognized that Menz "has a long history of chronic headache dating to age 8" and that the headaches "have become worse over the past decade to the point that he has stopped working." He speculated that his headache "seems to best fit a chronic pain syndrome." The reviewer specifically stated that disability "can often be counterproductive in the management of chronic pain."

{¶ 12} On September 21, 2012, STRB denied Menz's application and advised him of his right to appeal. Menz timely appealed and submitted additional medical evidence of his condition. STRB submitted this evidence to Dr. Berarducci for comment. As part of those comments, Dr. Berarducci reiterated that there is no objectively measurable physical origin for Menz's pain complaints and that Menz's complaints may be traced to somatoform disorder, a form of mental illness that can cause debilitating pain. He stated that Menz "has not for at least the past 18 months and likely will not return to his previous position in teaching," that the reasons lie "outside my personal expertise in the specialty of Neurology," and that Menz is not neurologically disabled, but that "he will not return to work in the next 12 months and to that extent he fits the legal definition of 'permanent' disability from teaching." (Underlining sic.)

{¶ 13} The review board again reviewed the application, generating reports by three physicians. One report again stated that "[d]isability can often be counterproductive in the management of chronic pain" and "can often create a barrier to optimal pain management." A second doctor commented that "I do not believe that Mr. Menz can function on a daily basis as a school teacher," but suggested a psychiatric evaluation and/or a personal appearance by Menz before a final determination. The third reviewer stated that Dr. Berarducci's evaluation "is a

sufficient summary" of the reasons Menz should not be considered for disability retirement.

{¶ 14} On March 14, 2013, STRB voted to deny Menz's appeal.

**Mandamus case**

{¶ 15} Menz filed an action in mandamus in the court of appeals, and the magistrate assigned to the case concluded that STRB had not abused its discretion in following Dr. Berarducci's recommendation to deny Menz's application for disability retirement benefits. 2014-Ohio-2419, 2014 WL 2565708, ¶ 71.

{¶ 16} However, the court of appeals, on reviewing the magistrate's decision and Menz's objections to that decision, sustained the objections and granted a writ. Specifically, the court of appeals found that both Menz's treating physician and the independent physician had stated unequivocally that Menz met the legal definition of disability and that therefore STRB had abused its discretion in denying him disability benefits. *Id.* at ¶ 19–20, 25.

{¶ 17} STRB appealed to this court.

*Analysis*

{¶ 18} A writ of mandamus "is an appropriate remedy by which claimants can obtain relief from an adverse determination concerning disability retirement benefits or other retirement decisions." *State ex rel. Pontillo v. Pub. Emps. Retirement Sys. Bd.*, 98 Ohio St.3d 500, 2003-Ohio-2120, 787 N.E.2d 643, ¶ 23; *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 6; *State ex rel. McMaster v. School Emps. Retirement Sys.*, 69 Ohio St.3d 130, 133, 630 N.E.2d 701 (1994). A determination by STRB whether a person is entitled to disability-retirement benefits is reviewable in mandamus to correct an abuse of discretion. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Id.* Therefore, Menz brought the correct action to challenge the STRB decision denying his application for disability benefits.

{¶ 19} State Teachers Retirement System disability benefits are determined by R.C. 3307.62 and require medical examination by a disinterested physician:

> (C) Medical examination of the member [who has applied for disability] shall be conducted by a competent, disinterested physician or physicians selected by the board *to determine whether the member is mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application.* The disability

must have occurred since last becoming a member, or it must have increased since last becoming a member to such an extent as to make the disability permanent or presumably permanent for twelve continuous months following the filing of an application.

(Emphasis added.) In other words, the independent physician's charge is to determine if the applicant meets the statutory criteria for permanent disability.

{¶ 20} Simply put, the statute requires the independent physician to determine whether the applicant is mentally or physically incapacitated for work by a disabling condition for 12 continuous months after filing the application. The statute does not require the physician to identify a physical or psychological cause for the disability, to prescribe treatment or pass judgment on treatments already received, or to determine the effect that a declaration of disability might have on the applicant's prospects for recovery. Any comment by the doctor regarding cause, past treatment, or possible future treatment or outcome is relevant only as it pertains to whether the disability actually exists, whether it disables the member from working, and whether the condition will last 12 months or more.

{¶ 21} To be sure, STRB may require a benefit recipient to agree in writing to treatment recommended by the board's physician and to submit records regarding the treatment. Failing to do so can result in suspension or termination of the benefit. R.C. 3307.62(G). However, those requirements apply only to a disability benefit *recipient,* not to an applicant who has not yet received any benefits.

{¶ 22} Here, both Menz's physician, Dr. Kaniecki, and STRB's independent physician, Dr. Berarducci, found that Menz had a disability that prevented him from working as a school principal for at least 12 months. In the report submitted with Menz's application, Dr. Kaniecki concluded that Menz "is presently unable to perform his job as an elementary school principal. His migraine condition is expected to last at least an additional several years * * * [and] it is my expectation that he will continue to suffer intermittent disability from protracted migraine episodes." In a later report he opined that Menz was disabled from his position of school principal and schoolteacher and that his condition had shown no improvement despite various new treatments and medications since August 2011.

{¶ 23} Dr. Berarducci stated in his first report that Menz's "headache as currently described is sufficiently disabling that he likely will not tolerate an immediate return to his previous occupation without additional instruction in a different philosophy of headache pain management." Berarducci recommended that benefits for temporary disability be considered so that Menz could find a different treatment protocol. In his second report, Dr. Berarducci found that

Menz "likely will not be returning to work with headache at the levels he describes today. To that extent he is 'disabled.'" He further found that for Menz, "successful headache pain control [may] remain forever elusive." He recommended that disability benefits be denied because it might interfere with successful treatment, not because the headache condition does not exist or because it does not prevent Menz from working. In his third report, Dr. Berarducci made the unequivocal statement that Menz "will not return to work in the next 12 months and to that extent he fits the legal definition of 'permanent' disability from teaching." (Underlining sic.)

{¶ 24} In other words, despite his discussions of Menz's past treatments, possible future treatments, the cause of his condition, and the effect a grant of disability might have on recovery, the independent examiner for STRB clearly and unequivocally concluded that Menz was sufficiently disabled by his headaches that he would not be able to return to work for at least 12 months.

{¶ 25} The reports of the physicians comprising the medical review panel in this case, along with memos and correspondence between them, revealed a similar focus on the cause of Menz's symptoms, the lack of objective findings, recommendations for new therapies, and the barriers to recovery posed by disability retirement, none of which are relevant factors under R.C. 3307.62(C). There seems to be a consensus that Menz suffers from severe chronic headaches, but none of the reports addressed whether that condition prevents him from returning to work within the next 12 months, the only relevant criterion. Whether granting disability might be counterproductive to treatment is not mentioned in the statute.

{¶ 26} Thus, contrary to STRB's first proposition of law, STRB's decision was not based on "some evidence" that Menz lacked a disability as described in the statute; rather, it was based on the medical reports that recommended denial of benefits for reasons that cannot support denial.

{¶ 27} STRB contends that Dr. Berarducci's report conflicted with that of Dr. Kaniecki and that STRB has the discretion to consider conflicting reports and choose which one to believe. But the two physicians' reports were not conflicting on the only point that mattered: Menz met the criterion for disability.

{¶ 28} Nor does *State ex rel. VanCleave v. School Emps. Retirement Sys.*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, cited by STRB, require a different result. STRB cites *VanCleave* for the proposition that even for conditions that often lack objective findings, such as migraines, subjective complaints are not conclusive of disability, and objective evidence is still relevant to a determination of the severity of the condition. *Id.* at ¶ 47.

{¶ 29} However, *VanCleave* is distinguishable. The applicant in *VanCleave* attacked the independent physician's report because, in her view, it discounted

her claim of fibromyalgia for an improper reason: lack of objective medical evidence. Our statement in that case about objective evidence and subjective complaints was meant to convey the notion that it is not always an abuse of discretion to deny benefits based on a report that emphasizes the lack of objective support for the claimed condition. We did not intend to say that subjective conditions can never be the basis for awarding benefits. In any event, Dr. Berarducci did not dismiss Menz's complaints as unfounded due to lack of objective support. Despite his skeptical and judgmental language, Dr. Berarducci acknowledged that Menz suffered from a pain condition so severe that he could not return to work as a school principal.

{¶ 30} Similarly, *State ex rel. Morgan v. State Teachers Retirement Bd. of Ohio,* 121 Ohio St.3d 324, 2009-Ohio-591, 904 N.E.2d 506, ¶ 25, is also distinguishable. There, we affirmed the denial of disability benefits despite the applicant's claim that the independent medical examiner had improperly dismissed her chronic fatigue syndrome for lack of objective evidence. Again, no such dismissal occurred here. Dr. Berarducci recommends denial not because he does not believe that Menz has debilitating headaches, but because he thinks awarding disability will affect Menz's *treatment* for his debilitating headaches.

{¶ 31} In its second proposition of law, STRB argues that Dr. Berarducci's report constituted "some evidence" supporting the denial of benefits and that a court cannot reweigh the evidence or substitute its judgment for the board's. *See State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund,* 131 Ohio St.3d 111, 2012-Ohio-46, 961 N.E.2d 178, ¶ 2 (an abuse of discretion occurs when the board enters an order that is not supported by "some evidence"). But the court of appeals did not "reweigh" the evidence in concluding that STRB abused its discretion. The court of appeals did not weigh the evidence at all. It did not compare the credibility or persuasiveness of the reports. It simply viewed the evidence in light of the statute and came to a conclusion that is objectively demonstrable: the examining physicians agreed that Menz met the statutory requirements for benefits. STRB should have granted the application.

## Conclusion

{¶ 32} The only statutory criterion for an award of disability-retirement benefits under the relevant statute is that the applicant is "mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application." R.C. 3307.62(C). In this case, Menz's treating physician and the independent medical examiner both explicitly acknowledged that Menz suffers from chronic migraines debilitating enough to prevent him working as a school principal for at least 12 months. None of the reports of the members of the medical review board addressed this criterion in recommending

denial of benefits. Their reasons for denying disability are limited to conclusory agreement with Dr. Berarducci's recommendation of denial, the lack of a diagnosed cause for the headaches, and the possibility that disability benefits will jeopardize the success of possible future treatments; these are not criteria in the statute that would permit STRB to deny Menz disability benefits for his condition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

-------

Deitz Law Office, L.L.C., and James M. Deitz, for appellee.

Michael DeWine, Attorney General, and Lydia Arko, Assistant Attorney General, for appellant.