[Cite as *State ex rel. Prikkel v. School Emps. Retirement Sys.*, 2022-Ohio-708.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, ex rel. Theresa Prikkel, | : | |
| Relator, | : | No. 20AP-536 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| School Employees Retirement System of Ohio, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 10, 2022

**On brief:** *Herdman Yeager, LLC,* and *Carol Herdman*, for relator.

**On brief:** *Dave Yost*, Attorney General, *Samuel A. Peppers, III*, and *Mary Therese J. Bridge*, for respondent.

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, Theresa Prikkel, seeks a writ of mandamus ordering respondent, School Employees Retirement System of Ohio ("SERS"), to vacate a decision of the SERS board denying relator's application for disability benefits, and issue a decision granting benefits.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. The magistrate found that the medical report issued by Dr. Andrew Iams was not internally inconsistent simply because Dr. Iams

acknowledged relator's subjective complaints but concluded relator was not disabled. Accordingly, the magistrate rejected relator's contention that Dr. Iams' report was equivocal, inconsistent, contradictory, and ambiguous, and concluded that Dr. Iams' report constituted some evidence to support the denial of relator's disability application. Relator has not objected to the decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

LUPER SCHUSTER, P.J. and DORRIAN, J., concur.

_____

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Theresa Prikkel, | : | |
| Relator, | : | |
| v. | : | No. 20AP-536 |
| School Employees Retirement System of Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 9, 2021

*Herdman Yeager, LLC,* and *Carol Herdman,* for relator.

*Dave Yost,* Attorney General, *Samuel A. Peppers, III*, and *Mary Therese J. Bridge*, for respondent.

IN MANDAMUS

{¶ 4} Relator, Theresa Prikkel, seeks a writ of mandamus ordering respondent, School Employees Retirement System of Ohio ("SERS"), to vacate a decision by the SERS board denying relator's application for disability benefits, and enter an award granting such benefits.

Findings of Fact:

{¶ 5} 1. SERS is an administrative agency of the state of Ohio charged by statute with the responsibility for the administration of benefits for its members.

{¶ 6}   2. Relator is an SERS member through her work as an administrator with the Oakwood City School District.

{¶ 7}   3. Relator applied for SERS disability benefits on May 22, 2019.  (Stip. at 381.)  With her application, relator submitted a job-duty form prepared by herself and certified by her employer's representative.  The job-duty form describes relator's job title as assistant to the treasurer and accounts payable with Oakwood City School District.  Her job duties are described as follows:  "Process accounts payable and insurance [and] maintain postage machine. This includes computer work, filing, standing, sitting, up and down steps, writing and cognitive function."  (Stip. at 383.)

{¶ 8}   The job-duty form states that this work involves occasional lifting of paper files between five and ten pounds.  (Stip. at 383.)  The summary of job duties provided in the attached "School District Position Description" issued by Oakwood schools describes the position as follows:  "processes accounts payable and maintains associated vendor and invoice files for the District."  (Stip. at 385.)

{¶ 9}   4. With her application for disability benefits, relator submitted a report from her treating physician, James Derksen, M.D.  (Stip. at 173.)  Dr. Derksen listed fibromyalgia as the primary disabling condition, and also specified underlying medical conditions of asthma and dyslipidemia.  (Stip. at 173.)  Dr. Derksen's report is dated June 15, 2019, and states that he had provided care since about 1988.

{¶ 10}  5. SERS referred relator to Andrew Iams, M.D., for an independent medical examination.  (Stip. at 169.)  Dr. Iams examined relator on July 20, 2019 and reviewed her medical records.  On August 7, 2019, Dr. Iams produced a report concluding that relator was not disabled, and "does not have a mental or physical condition that will incapacitate the applicant from performing the applicant's last assigned primary duty as <u>a Asst.  to</u>

Treasurer/Accounts Payable.    This incapacity is not permanent or presumed to be permanent for at least twelve continuous months from May 28, 2019, which is the date the application was filed."  (Stip. at 165.)

{¶ 11} Dr. Iams' detailed report concluded as follows:

> History: Ms. Prikkel is a 43 year old female with a history of fibromyalgia for 4 years. She is referred for an independent medical exam to evaluate her level of disability. She worked as the Assistant to the Treasurer in the Accounts Payable division from July 2017 to February 2019. She reports diffuse chronic muscle aches and pain attributed to fibromyalgia. Ms. Prikkel reports daily pain that is moderate to severe in the bilateral arms, legs, hands, and feet. Her knees hurt constantly and she reports that she feels like she was "hit with a hammer" throughout her body.
>
> She receives primary care from Dr. Derksen in Kettering, OH and he has provided the majority of the evaluation and treatment for this condition since 2015. She also saw a rheumatologist, Dr. Farhey in Cincinnati for this condition. Pain is rated 8 out of 10 today. She reports that her skin feels like it is on fire. She also states a recurrent feeling of "brain fog" that she associates with the symptoms of fibromyalgia.
>
> For pain relief, she has tried changing her diet, light exercise, medical massage, physical therapy, and low dose naltrexone. She indicates that these treatment options have not provided any significant pain relief or lasting benefit to relieve the symptoms of fibromyalgia. In May 2019, Dr. Farhey recommended trying Cymbalta, but this medication was not started due to Ms. Prikkel's concern for side effects. She reports that she took a medical leave of absence from her job in February 2019 and has not been able to return to work due to ongoing pain attributed to fibromyalgia.
>
> Past Medical History: asthma, hyperlipidemia, anxiety, irritable bowel syndrome.
>
> * * *

Occupation: Her job duties as the Assistant to the Treasurer were reviewed. The job requires clerical office work using a computer, paperwork, and organizing files. Responsible for paying invoices and processing purchase orders for the school. The job description was reviewed in the SERS file.

* * *

Msk: she has full range of motion in the bilateral upper and lower limbs, there is joint pain in the shoulders and knees noted at end range. She has diffuse tenderness in the soft tissue of the arms and legs. There is no distinct pattern identified. She has pain that radiates along the cervical, thoracic, and lumbar paraspinals. She is able to stand and walk independently. She has a slow antalgic alternating gait pattern. She can squat and rise to a stand position with stand by assist.

Neuro: Strength is 5 out of 5 for shoulder abduction, elbow flexion, elbow extension, wrist extension, and finger flexion. Lower limb strength is 5 out of 5 for hip flexion, knee extension, knee flexion, ankle dorsiflexion and plantarflexion. She has normal muscle bulk and tone throughout the arms and legs. Her reflexes are 1 to 2+ in the bilateral upper and lower extremities. Negative Hoffmans test bilaterally.

Diagnostic Testing:

May 2019 x-rays of the right and left knee are normal.

March 2019 lab results are reviewed. The results are unremarkable for any signs of inflammatory arthritis. There is a normal sed rate, normal c-reactive protein, and a normal TSH noted.

June 2017 brain MRI is normal.

Impression/Recommendations:

Ms. Prikkel is a 43 year old female with fibromyalgia. Over the last 3 years, she has attended multiple medical appointments for this condition and tried a variety of treatment options. However, the exam findings are insufficient to support her request for disability. In fact, fibromyalgia, in the absence of other musculoskeletal problems, is a condition that often improves with light exercise and daily activity.

It is important to note that her job is an office based position that has relatively few physical demands and primarily requires computer and clerical skills. Therefore, in my opinion, based on the medical records and information obtained during the examination today, she is not disabled from performing her job and I do not recommend approval of disability in this case.

(Stip. at 166-68.)

{¶ 12} 6. Three members of the SERS Medical Advisory Committee reviewed relator's file and produced recommendations:

{¶ 13} Timothy Fallon, M.D., produced a recommendation dated August 30, 2019 stating that he had reviewed the medical records and job description in connection with relator's application. Dr. Fallon opined that there was, at the time of writing, "no current evidence from the attending physician nor from the independent medical evaluation by Dr. Iams that disability does exist." (Stip. at 160.)

{¶ 14} Albert Kolibash, M.D., produced a recommendation dated August 27, 2019 also concluding that after review of the medical evidence and job duties, relator was not disabled. Dr. Kolibash concluded as follows: "Based upon my review of all of the information provided in this application, it is my opinion that this applicant is not disabled for the performance [of] her duties and that disability benefit be denied." (Stip. at 162.)

{¶ 15} Mark Cooperman, M.D., provided a recommendation August 17, 2019. Dr. Cooperman stated he had reviewed relator's medical records and summarized her condition as follows:

> Diet, light exercise, medical massage, physical therapy and naltrexone have been tried without significant benefit. She complains of diffuse muscle aches involving her arms, legs, hands, feet and knees. * * * She also complains of "brain fog." A brain MRI in June 2017 was normal. Bilateral knee x-rays in May 2019 were normal.
>
> * * * Dr. Iams diagnosed fibromyalgia. Noting the lack of objective findings on examination, he did not find her to be disabled.
>
> It is my opinion that [relator] is not disabled and remains capable of performing all of her job-related activities. Her occupation is mostly sedentary, and despite her subjective symptoms, there are no objective findings either on examination or x-ray that would warrant retirement on disability.

(Stip. at 163.)

{¶ 16} 7. By letter dated September 19, 2019, Glen Borchers, M.D. informed the SERS board that the Medical Advisory Committee recommended denial of disability benefits. (Stip. at 158.)

{¶ 17} 8. The SERS board formally denied relator's application on September 19, 2019, and informed relator of the decision by letter on the same day. (Stip. at 156.)

{¶ 18} 9. Relator pursued a timely appeal. (Stip. at 152.) She added medical records to support her application. (Stip. at 31-149.)

{¶ 19} 10. The additional treatment records submitted with the appeal included treatment notes by physical therapist Kelly Beasley from an evaluation on November 13,

2019 and weekly visits between November 14 and December 17, 2019. (Stip. at 31-37.) These notes documented a general lack of progress from physical therapy, which sometimes exacerbated relator's symptoms ("Patient states that she had increased pain in her ankles and legs after leaving PT session last rx. Pt states that it felt like mm cramping and had to pull over d/t to the pain."). (Stip. at 36.)

{¶ 20} 11. Other records submitted with the appeal included an assessment dated November 7, 2019 from Stephen McConnell, Psy.D., who stated that relator's "reported psychological symptoms judged to be the direct psychological consequence of fibromyalgia. These include health-related anxiety, depression, social withdrawal, and interference with her ability to function on the job or at home." (Stip. at 149.)

{¶ 21} 12. Also submitted with the appeal were treatment records of Benjamin Claytor, M.D., a neurologist. Dr. Claytor examined relator on November 5, 2019 and summarized his initial observations as follows:

> Ms. Prikkel * * * presents with diffuse pain and subjective weakness and fatigue. Her neurologic exam demonstrates full strength and sensation. Her presentation is most consistent with a centralized pain syndrome and we discussed the connection between sleep, mood and pain. While my suspicion for any primary neuromuscular process is low, Ms. Prikkel did raise concern that we could be missing an alternative diagnosis. To that end we will obtain an EMG [electromyographic examination] myopathy protocol to rule out any underlying muscle disease. If her EMG is normal I would not recommend any further testing.

(Stip. at 79.)

{¶ 22} Dr. Claytor consequently referred relator for an EMG examination conducted by John Petty, M.D. Dr. Petty reported as follows: "Today's EMG of the muscles of the right upper extremity, shoulder groups, and cervical paraspinals is normal. There is no evidence

of neuropathic or myopathic abnormality noted in any of the muscles tested."  (Stip. at 57.) Dr. Petty further found that the electrical studies were normal, there was no evidence of myopathic abnormality, no evidence of cervical radiculopathy, no generalized neuropathy, no right carpal tunnel syndrome, no right ulnar nerve abnormality, and normal nerve conduction velocity.  (Stip. at 57.)

{¶ 23} 13.  Before the SERS board appeal hearing, three physician members of the Medical Advisory Committee reviewed relator's file including her newly submitted medical records. Dr. Cooperman opined that "no new evidence has been submitted that would warrant either another independent examination or the awarding of disability retirement. Despite her subjective symptoms of pain, brain fog and fatigue, there are no objective findings that would prevent her from performing her job.  The new objective data submitted, two EMG reports, were both normal.  It is my opinion that her appeal should be denied."  (Stip. at 13.)

{¶ 24} Dr. Kolibash also noted the lack of objective evidence to explain relator's symptoms.  He noted the lack of improvement with multiple types of treatment, but expressed that further review would be advisable:  "I would like to discuss this case at special conference with members of the Medical Advisory Committee of the SERS."  (Stip. at 12.)

{¶ 25} Marjorie Gallagher, M.D., reviewing relator's records for the first time, opined that disability was not shown.  (Stip. at 15.)

{¶ 26} 14.  In accordance with Dr. Kolibash's request, the Medical Advisory Committee members then reviewed relator's appeal in a special conference and unanimously concluded that relator was not disabled.  (Stip. at 7-9.)  Drs. Cooperman, Gallagher, and Kolibash again produced further letters expressing this conclusion.

{¶ 27} 15. Dr. Borchers, as Chair of the Medical Advisory Committee, informed the SERS board by letter dated August 19, 2020 that the Medical Advisory Committee, after special conference, had not changed its position and disability should be denied. (Stip. at 6.)

{¶ 28} 16. The SERS board conducted a hearing on June 18, 2020 with relator and her attorney appearing via Zoom. (Stip. at 16.) Relator described her physical symptoms, including constant pain, sleep disruption, and inability to comfortably perform her job duties, and near-complete loss of her social life because of the limitations from her fibromyalgia. She stated that she had pain varying between dull and shooting and stabbing, pain when sitting, numbness and throbbing in her knees, headaches, dizziness, nausea, stomach issues, and muscle weakness. She also stated she had mental functioning problems including disturbed vision, fatigue, and brain fog that caused slurred speech. (Stip. at 16-21.)

{¶ 29} 17. By letter dated September 25, 2020, the SERS board informed relator it would not modify the original decision to deny relator's application for disability benefits. (Stip. at 4.)

{¶ 30} 18. Relator filed her complaint in mandamus on November 19, 2020.

Discussion and Conclusions of Law:

{¶ 31} In order to obtain a writ of mandamus from this court, relator must show a clear legal right to the requested relief, a clear legal duty on the part of SERS to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Withers v. State Teachers Retirement Sys.,* 10th Dist. No. 17AP-124, 2017-Ohio-7906, ¶ 19. A clear legal right exists where the board abuses its discretion by entering an order that is

not supported by some evidence. *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.,* 114 Ohio St.3d 147, 2007-Ohio-3760, ¶ 19. "[T]he presence of contrary evidence is immaterial, so long as the 'some evidence' standard has been met." *State ex rel. Am. Standard, Inc. v. Boehler*, 99 Ohio St.3d 39, 2003-Ohio-2457, ¶ 29. "Only if the board's decision is not supported by *any* evidence will mandamus lie." (Emphasis sic.) *State ex rel. Woodman v. Ohio Pub. Emps. Retirement Sys.*, 144 Ohio St.3d 367, 2015-Ohio-3807, ¶ 17.

{¶ 32} Under R.C. 3309.39(C), an SERS member seeking disability benefits must be "mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application." A retirement board reviewing a disability application is presumed to know what the applicant's job duties entail and whether the applicant is unable to perform them. *State ex rel. Kelly v. State Teachers Retirement Sys. of Ohio,* 10th Dist. No. 11AP-527, 2012-Ohio-4613, ¶ 9.

{¶ 33} Relator asserts that Dr. Iams' report does not constitute "some evidence" to support the SERS board's determination because the report is inconsistent, contradictory, equivocal, and ambiguous and does not constitute some evidence pursuant to *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649, 657 (1994). Relator points to Dr. Iams' opinion that relator was not disabled because fibromyalgia could be improved with light exercise and daily activity. Relator asserts that this does not properly incorporate objective findings noted by Dr. Iams himself regarding relator's severe joint pain, diffuse tenderness, and other mobility issues.

{¶ 34} Relator similarly questions the reports and conclusions of Drs. Cooperman, Gallagher, Fallon, and Kolibash because of their complete reliance on objective findings to correlate with relator's subjective complaints. Relator points out that Dr. Derksen regularly documented objective findings consistent with fibromyalgia including decreased range of motion, skin sensitivity, poor sleep, irritable bowel syndrome, and irritable bladder. Dr. Claytor similarly documented diffuse mild tenderness in cervical and lumbar spine and major joints.

{¶ 35} Relator summarizes these findings as evidence that relator's symptoms are objectively assessable, and that no medical opinion appears in the record to suggest that the symptoms are neither real nor disabling.

{¶ 36} The magistrate concludes that Dr. Iams' report constitutes some evidence to support the decision of the SERS board in denying relator's disability application. Pursuant to his examination, Dr. Iams reported that relator had a full range of motion in the bilateral upper and lower limbs, albeit with joint and other pain, and five out of five strength upon testing. (Stip. at 167.) These findings were consistent with his conclusion that there were no other musculoskeletal problems acting in conjunction with relator's fibromyalgia. Based upon a review of this and other medical records, the physicians reviewing the matter for the Medical Advisory Committee agreed with Dr. Iams' conclusion. Dr. Fallon opined that physical examinations had been essentially negative for significant pathology or limitations. (Stip. at 159.) Dr. Cooperman noted that relator's occupation was mostly sedentary, and objective findings from x-ray or physical examination were lacking to warrant disability retirement benefits. (Stip. at 163.) Dr. Kolibash later opined that "physical examinations have consistently demonstrated muscle and joint tenderness, but no deformities and otherwise unremarkable findings." (Stip. at 12.)

{¶ 37} "Subjective complaints are not conclusive of disability, and objective medical evidence is still relevant to a determination of the severity of the condition." *State ex rel. Morgan v. State Teachers Retirement Bd.,* 121 Ohio St.3d 324, 2009-Ohio-591, ¶ 23, citing *State ex rel. VanCleave v. School Emps. Retirement Sys.,* 120 Ohio St.3d 261, 2008-Ohio-5377, ¶ 47. Dr. Iams and the physicians of the Medical Advisory Committee could properly incorporate their assessment of objective findings when weighing relator's subjective complaints. The acknowledged facts of relator's subjective complaints, as reviewed by Dr. Iams and the Medical Advisory Committee physicians, are not inconsistent simply because the physicians acknowledged the subjective complaints reported by relator. When reviewing a disability application, Ohio's state retirement boards, including SERS, are permitted to accept the findings presented in the medical reports yet still reject their ultimate conclusions, and are not required to explain their decision or even cite the evidence upon which they relied. *State ex rel. Wegman v. Ohio Police & Fire Pension Fund,* 155 Ohio St.3d 223, 2018-Ohio-4243, ¶ 16, citing *State ex rel. Tindira v. Ohio Police & Fire Pension Fund,* 130 Ohio St.3d 62, 2011-Ohio-4677, ¶ 30. "Under the appropriate standard of review, the presence of contrary evidence is immaterial if there is evidence in support of the board's findings of fact." *State ex rel. Kolcinkio v. Ohio Police & Fire Pension Fund,* 131 Ohio St.3d 111, 2012-Ohio-46, ¶ 9.

{¶ 38} In summary, the magistrate finds there is some evidence to support the SERS board's denial of relator's disability application, the SERS board accordingly did not abuse its discretion in denying the application, and no writ should issue in the present case.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).